[No. 31604.   Department One.   January 11, 1951.]

THE STATE OF WASHINGTON, *on the Relation of Andrew O. Atkinson, Plaintiff*, v. MAX CHURCH, *as Judge of the Superior Court for Clallam County, Respondent.*[1]

*Joseph H. Johnston*, for relator.

*Conniff & Taylor*, for respondent.

BEALS, J.—For many years prior to 1950, Maude and Andrew O. Atkinson were husband and wife. January 20, 1950, Maude Atkinson filed in the office of the clerk of the superior court for Clallam county her complaint, praying that she be granted a decree of divorce; that the decree make an appropriate award of the custody of the minor children of the parties; that an equitable division of the community property be made, and that she be awarded appropriate alimony and support money, together with an allowance for her attorney's fees.

Andrew O. Atkinson answered plaintiff's complaint, denying certain allegations thereof and, by way of a cross-complaint, asking that he be awarded a divorce, together with certain specified property.

The issues having been completed, the cause was tried,

[1]Reported in 226 P. (2d) 861.

findings of fact and conclusions of law were entered, followed by a decree, dated July 17, 1950, granting a divorce to both parties, awarding to the plaintiff the custody of one minor child, and to the defendant the custody of two other children. The decree also divided the community property between the parties, provided for the payment by the defendant to the plaintiff of support money for the minor child whose custody was awarded to her, and granted plaintiff judgment for one hundred fifty dollars on account of her attorney's fees and for her costs.

The defendant's motion for a new trial having been overruled, defendant gave notice of appeal, the plaintiff also' appealed, and the cause is now pending before this court.

August 16, 1950, Mrs. Atkinson filed in the office of the clerk of the superior court for Clallam county her petition, alleging the entry of the decree of divorce; that she had appealed from that decree; that she was without funds "to defend against the defendant's appeal and prosecute her cross-appeal," and that three hundred fifty dollars was a reasonable sum to be allowed to her on account of attorney's fees and costs in connection with the appeals.

A show cause order having been issued, the superior court, after a hearing, entered an order requiring the defendant, Andrew O. Atkinson, to forthwith pay to Maude Atkinson "the sum of $350.00 on account of attorneys fees and costs on account of the appeals to the Supreme Court in this matter."

October 2, 1950, Andrew O. Atkinson filed in this court a petition for a writ of certiorari, seeking a review of the order of the trial court requiring him to forthwith pay to Maude Atkinson the sum of three hundred fifty dollars on account of her attorney's fees in connection with the appeals from the decree entered in the divorce action.

Thereafter, an order for the issuance of the writ asked for by Mr. Atkinson was signed and filed herein, and a writ of certiorari issued, requiring the superior court for Clallam county to forward to this court pertinent portions of the records and proceedings before it, leading up to and in-

cluding the order entered September 13, 1950, requiring Mr. Atkinson to pay to Mrs. Atkinson the sum referred to above. This order having been complied with by the superior court, the record in the matter referred to is now before us for consideration.

Laws of 1949, chapter 215, p. 698, Rem. Supp. 1949, § 997-2 *et seq.*, superseded previous statutes in connection with divorces, the custody of children, and so forth. Section 9 of the act, Rem. Supp. 1949, § 997-9, reads as follows:

"Pending an action for divorce or annulment the Court may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the parties as the Court may deem right and proper, and such orders relative to the expenses of such action, including attorneys' fees, as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof. Upon the entry of judgment in the Superior Court, reasonable attorneys' fees may be awarded either party, in addition to statutory costs. Upon any appeal, the Supreme Court may in its discretion award reasonable attorneys' fees to either party for services on the appeal, in addition to statutory costs."

The first sentence of this section is practically a re-enactment of provisions of the pre-existing law. The last sentence, with which we are here concerned, is new legislation.

Relator contends that the last sentence of the section deprives the superior court of jurisdiction to make any allowance to a party to a divorce action, on account of expenses in connection with a pending appeal from a decree entered by the superior court, arguing that, by the portion of the section referred to, application for any such allowance must be made originally to this court.

Under previously existing statutes, this court has several times held that a wife, appealing from a decree of divorce, could properly apply to the superior court for the allowance of a sum necessary to enable her to prosecute her appeal or to resist an appeal by her husband. *Griffith v. Griffith,* 71 Wash. 56, 127 Pac. 585, 128 Pac. 636; *Lewis v. Lewis,* 83 Wash. 671, 145 Pac. 980; *State ex rel. Brown v. Superior Court for King County,* 190 Wash. 572, 69 P. (2d) 811.

Relator cites the case of *Walkow v. Walkow*, 36 Wn. (2d) 510, 219 P. (2d) 108, in which the respondent husband, pending the hearing upon the wife's appeal, applied to this court for a modification of the decree by suspending the operation of the custody provision until determination of the appeal. While holding that such an application could be addressed only to this court, we remanded the cause to the superior court to hold a hearing upon the husband's application, "and then to return the case to this court with a proper certification as to what has been done under and by virtue of this remand." The opinion calls attention to the fact that affidavits would not afford a satisfactory basis for determination of the issue presented; that witnesses should be heard, and that "this court cannot adequately determine the issue presented."

The case is not here in point, as, manifestly, after an appeal has been prosecuted from a divorce decree, an application to immediately modify or suspend any provision of that decree must be made to this court, in which jurisdiction of the matter has been vested by the appeal. The allowance of a sum to the wife by way of attorney's fees and costs in the prosecution of an appeal, nowise modifies a decree entered by the superior court.

The cases of *Pike v. Pike*, 24 Wn. (2d) 735, 167 P. (2d) 401, 163 A. L. R. 1314, and *Mapes v. Mapes*, 24 Wn. (2d) 743, 167 P. (2d) 405, are not in point for the reason last above stated.

An application by a party to a divorce action for an allowance by way of attorney's fees and costs in prosecuting an appeal to this court, should, unless positively forbidden by statute, be addressed to the superior court, which is familiar with the facts of the case, the condition of the parties, and may more easily not only consider affidavits but hear witnesses, if necessary. If the statute required that such an application be made only to this court, it would frequently be appropriate, if not necessary, to remand the matter to the superior court for hearing.

We are convinced that, by the last sentence of

§ 9, chapter 215, Laws of 1949, above quoted, the legislature simply vested this court with authority, in its discretion, to award reasonable attorney's fees for services on the appeal. The language quoted does not purport to cover necessary payments for the support of a party to an appeal or minor children, or an allowance to a party for preparing an appeal, but relates only to an allowance by way of reasonable attorney's fees to be awarded upon the decision rendered on the appeal, "in addition to statutory costs."

The superior court was vested with jurisdiction to entertain Mrs. Atkinson's motion for an allowance for attorney's fees to assist her in prosecuting her appeal.

The order before us for review is affirmed.

SCHWELLENBACH, C. J., GRADY, MALLERY, and HAMLEY, JJ., concur.