[No. 33374. Department One. June 21, 1956.]

PETER BEST, *Respondent*, v. JUNE BEST, *Appellant*.[1]

*Newman & Newman*, for appellant.

*Geo. H. Rummens, Kenneth P. Short, Paul R. Cressman* (*Richard M. Oswald*, of counsel), for respondent.

SCHWELLENBACH, J.—June Best appealed to this court from a judgment awarding a divorce to her husband. We reversed the judgment and remanded the cause, with instructions to enter a decree of separate maintenance, with reasonable provision for the support of the appellant. *Best v. Best*, 48 Wn. (2d) 252, 292 P. (2d) 1061.

Subsequent to the filing of the opinion, appellant moved this court for an order allowing a reasonable amount for attorneys' fees for the services of said attorneys in the appeal by the appellant, in the amount of $2,500.

RCW 26.08.090 provides:

"Pending an action for divorce or annulment the court may make, and by attachment enforce, such orders for the disposition of the persons, property and children of the

[1]Reported in 298 P. (2d) 855.

parties as the court may deem right and proper, and such orders relative to the expenses of such action, including attorneys' fees, as will insure to the wife an efficient preparation of her case and a fair and impartial trial thereof. Upon the entry of judgment in the superior court, reasonable attorney's fees may be awarded either party, in addition to statutory costs. Upon any appeal, the supreme court may in its discretion award reasonable attorneys' fees to either party for services on the appeal, in addition to statutory costs."

The last sentence was added in § 9, chapter 215, Laws of 1949, p. 701. Concerning it, we said, in *State ex rel. Atkinson v. Church*, 37 Wn. (2d) 814, 226 P. (2d) 861:

"We are convinced that, by the last sentence of § 9, chapter 215, Laws of 1949, above quoted, the legislature simply vested this court with authority, in its discretion, to award reasonable attorney's fees for services on the appeal. The language quoted does not purport to cover necessary payments for the support of a party to an appeal or minor children, or an allowance to a party for preparing an appeal, but relates only to an allowance by way of reasonable attorney's fees to be awarded upon the decision rendered on the appeal, 'in addition to statutory costs.' "

Upon appeal to this court, application could have been made for reasonable attorneys' fees for services on the appeal. That was not done. We could, on our own motion, in the exercise of our discretion, have allowed such fees. We did not see fit to do so. The statute contemplates that such award be made as a part of the decision and not by separate order, as requested here. Such an award cannot be considered as part of the costs. See Rule 55, Rules on Appeal, 34A Wn. (2d) 58, as amended, effective March 1, 1954.

In a case of extreme hardship, we could, after an opinion has been filed, and before the remittitur goes down, withdraw it and amend the opinion to include an award for reasonable attorneys' fees for services on the appeal. Such a practice should be used sparingly, however, because it would tend to interfere with the finality of litigation. If the motion under consideration be construed to be an ap-

130

plication to withdraw the opinion (the remittitur has not gone down) and amend it to include an award for reasonable attorneys' fees, our examination of the record convinces us that we should not make the award.

The motion is denied.

HAMLEY, C. J., DONWORTH, FINLEY, and OTT, JJ., concur.