[No. 34937. Department Two. January 7, 1959.]

WILMA E. STRINGFELLOW, *Plaintiff and Relator*, v. VIRGIL O. STRINGFELLOW, *Defendant*, THE SUPERIOR COURT FOR KING COUNTY, *Raymond Royal, Judge, Respondent.*[1]

*Riddell, Riddell & Williams*, for relator.

*Floyd M. Reischling* and *Byron D. Coney*, for respondent.

PER CURIAM.—On an application by a wife for support money, suit money, and a partial payment of attorney's fees pending an appeal, the trial court entered an order denying the application. This court issued a writ of *certiorari* to review that order.

[1] Reported in 333 P. (2d) 936.

The community property accumulated during some twenty-nine years is conceded to have a value considerably in excess of one million dollars and perhaps close to two million. After a three-weeks trial the wife was awarded a divorce and a substantial property settlement of an aggregate value of approximately nine hundred thousand dollars; this included certain operating corporations then, and now, under the husband's management. Because of the size of the property settlement the trial court quite properly awarded her no alimony and allowed no attorney's fees.

The husband has appealed, and by virtue of a supersedeas bond has kept control and management of the community assets including those awarded to the wife, other than the home which she occupies, a car, and her personal effects.

We gather that it is his contention on the appeal that the court erred in granting the wife a divorce, and he urges that she should be awarded separate maintenance, and that his management and control of the community assets— particularly the corporations—should not be interfered with; and, further, if there is to be a divorce, that the trial court's division of the property was grossly unfair.

The trial court in acting on the wife's application for support money, suit money, and attorney's fees was apparently concerned with the fact that the substantial awards requested by the wife might deprive the husband of some of the fruits of his appeal should he prevail.

It is obvious that whatever may be the determination of the appeal, the wife has an interest in the community property and the right to support and maintenance, as befits her station in life, during the pendency of the appeal if she establishes a need therefor.

The trial court, in denying the application, took too narrow a view of the extent of its authority and too broad a view of the effect of the supersedeas bond. See *State ex rel. Buttnick v. Superior Court* (1922), 118 Wash. 604, 204 Pac. 177, and *State ex rel. Atkinson v. Church* (1951), 37 Wn. (2d) 814, 226 P. (2d) 861.

In a situation where a husband has maneuvered himself, however lawfully, into possession and control of all

of the income-producing property of the community and practically all of its liquid assets, the trial court can, and should, require him to adequately support his wife pending an appeal, particularly where she is the prevailing party in the trial court and the respondent on the appeal, and does not have the cash available to support herself.

The wife, under the conditions here existing (a marriage of twenty-nine years duration, and accumulated community property of much more than one million dollars), is neither required to seek employment, to pawn her jewelry, or exhaust her credit before she is entitled to adequate support from the community resources controlled by the husband. We see nothing unreasonable in the amount of her request, if the court be satisfied that the need exists.

The statement of facts contains eleven volumes and 2,543 pages; the time for the filing of the husband's brief was thrice extended because of the length of the record and the complexity of the issues; it contains 196 pages. The wife's answering brief will, of necessity, have to deal with the same complex issues. Suit money in the amount of one thousand dollars, as requested to cover the expenses of preparing and presenting the respondent's argument on the appeal, seems a modest request as does the sum of five thousand dollars requested as a temporary *pendente lite* allowance for attorney's fees.

The order denying the wife's application for support money, suit money, and attorney's fees will be set aside; and the trial court directed to determine the extent of her needs and to make an adequate monthly allowance for her support and maintenance, retroactive to the date of the filing of the application, August 18, 1958, if the need is established as of that date; such payments should continue to the date on which the remittitur goes down on the determination of the appeal in the divorce action. The wife should also be allowed what seems to the court an adequate amount for suit money on the appeal, and an adequate amount as a temporary allowance as attorney's fees on the appeal; the accumulated support money, the suit money, and attorney's fees to be paid forthwith.

362

Whether the amounts paid under such an order are ultimately charged to the community or to the wife's share of the community property, if it be divided, is not a matter for present concern or determination, but should await the consummation of the litigation.

The order of October 7, 1958, in King county superior court cause No. 506690, and reviewed by *certiorari* in this proceeding, is set aside, with directions to enter an order making such allowances as the superior court deems adequate for support money, for suit money, and for temporary attorney's fees.