CREELMAN, APPELLEE, *v.* CREELMAN, APPELLANT.

[Cite as Creelman v. Creelman, 8 Ohio App. 2d 55.]

(No. 9912—Decided June 28, 1966.)

*Mr. Calvin W. Prem,* for appellee.
*Messrs. Simpson & Jacobs,* for appellant.

HOVER, J. This matter was considered by the court as an appeal on questions of law from a judgment and decree of the Court of Common Pleas, Division of Domestic Relations, wherein the wife, plaintiff, appellee herein, was granted a divorce, certain items of marital property, and alimony and expenses in a lump sum. The granting of the divorce is not in issue.

The case was heard on a narrative bill of exceptions, a transcript of the docket and journal entries of the court below, and a supplemental transcript of pertinent filings in the court below made after the decree and judgment, and filed in this court after argument and submission of the case here.

Three assignments of error are alleged: (1) That the court determined a division of property between the parties without receiving sufficient evidence to support such finding, particularly in regard to a jointly owned piece of real estate; (2) that the court failed to provide defendant, appellant herein, with its separate findings of fact and conclusions of law; and (3) that the court erred in ordering defendant to pay expenses and court costs, including an attorney fee to the plaintiff.

Assignment of error number two, relative to the alleged failure to file requested findings of fact and conclusions of law, is taken care of by the supplemental transcript which indicates that such findings were in fact made, albeit several months after the decree and judgment appealed from.

As to the first assignment of error, the narrative bill of exceptions sets out the inability of the parties to agree upon the value of the property mentioned above, particularly as to whether there was any equity therein in view of the fact that there was "a large mortgage thereon," the husband claiming that there was no equity and the wife claiming to be entitled to $1,000 as her share of the equity in the jointly owned property. The court thereupon stated that a "Mr. John Barrett would make an appraisal of the property." No objection apparently was taken by either party to this procedure. Such an appraisal was in fact made at $13,500, which figure is accepted by the court in its finding of fact. The court also finds at this point, and its basis for so finding is not apparent in the record, that the property was encumbered with a mortgage of $12,342.67. It can be inferred from the narrative bill of exceptions that other items of personal property, cash and debts, were stipulated and agreed upon by the parties and the disposition thereof as to the ultimate ownership in husband or wife included in the court's decree.

It will be noted that the narrative bill of exceptions sets out "a large mortgage on the realty." This is borne out in dollars and cents by the court's findings. The resulting appar-

ent equity is sufficient to justify some allowance to the wife as her share of the jointly owned real estate.

As to the third assignment of error, there is no question that the wife was entitled to have a reasonable attorney's fee included as part of the cash allowance made to her.

It is not the province of this court to take issue with the court below in its division of property between the parties so long as the court's determination is made without apparent unreasonableness or arbitrariness. The property adjustments made here, on the other hand, appear to be quite just and reasonable and well within the allowable limits of the lower court's discretion.

Under the circumstances, while it may have been error for the court to accept the report of the appraiser as uncontravertible evidence or as conclusive of the issue, and, also, possible error for the court to insert into the record and without evidentiary detail as to amount the figure due on the mortgage, such possible errors, under the circumstances outlined here, were not prejudicial to the rights of the defendant since the settlement arrived at was eminently just and reasonable under all the demonstrated circumstances.

Accordingly, the judgment and decree of the court below is affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and LONG, J., concur.