[Civ. No. 34630. Second Dist., Div. One. Feb. 17, 1970.]

NANCY H. SMITH, Plaintiff and Appellant, v.
RICHARDS M. SMITH, Defendant and Respondent.

## COUNSEL

Winston & Winston and W. H. Winston, Jr., for Plaintiff and Appellant.

Merle H. Horwitz for Defendant and Respondent.

## OPINION

**LILLIE, J.**—Plaintiff appeals from order of July 5, 1968, reducing a prior award of attorney's fees by $500, order of August 27, 1968, denying her additional fees and court costs and order of November 22, 1968, denying her attorney's fees and court costs on appeal.

In 1964 plaintiff sued for a divorce alleging that she and defendant had one minor child, Frank. The parties were separated and living apart; in April 1965 at plaintiff's request they attempted a trial reconciliation which failed. On December 1, 1965, David was born. Plaintiff claimed that defendant was David's father and asked for child support; on hearing on her order to show cause (August 16, 1966) she testified that the boy was born as a result of the trial reconciliation with defendant in April 1965, and the court ordered defendant to pay support for David. Defendant contested paternity and asked for blood tests which plaintiff opposed; there resulted various legal moves and court appearances to compel the tests. Finally, defendant's efforts resulted in a court order on September 19, 1967, requiring blood tests. On October 20, 1967, the court awarded to plaintiff's counsel $4,000 attorney's fee in addition to a previous $1,000 which included payment for work done on behalf of plaintiff on the paternity issue and in resisting the order for blood tests. In November 1967 the blood tests were made; they conclusively showed that defendant was not the natural father of David. Thereafter plaintiff admitted that conception took place prior to the trial reconciliation in April, defendant could not be David's father and defendant did not have sexual relations with her at or near the time of conception; thus on the January 15, 1968, hearing during which the blood tests were admitted in evidence, the parties stipulated that child support for David be terminated. The interlocutory decree of divorce (April 23, 1968) does not name David as a child of the parties; it provided, pursuant

to stipulation, that the issue of attorney's fees be reserved for determination by a subsequent order to show cause. No appeal was taken from the interlocutory decree.

On June 7, 1968, plaintiff filed notice of motion for additional attorney's fees ($1,500) and court costs ($293.62) together with her counsel's affidavit showing legal services rendered from October 15, 1967, through June 6, 1968.

On June 10, 1968, defendant filed notice of motion to vacate and/or modify the order of October 20, 1967, awarding plaintiff an additional $4,000 attorney fee. He sought a reduction of this fee "on the ground that said order was based upon false and fraudulent testimony of the plaintiff and plaintiff's lack of good faith in prosecuting her various applications for orders." Declaration of defendant's counsel in support thereof asserted that the basis of the motion is "the false and fraudulent testimony of the plaintiff regarding the paternity of her child David as a part of a scheme to impose a deceit upon the defendant, the Court and her own counsel." The declaration and portions of transcript and deposition attached thereto, reveal that much of the litigation was due to plaintiff's insistence that defendant was David's natural father knowing that he was not; that at the outset on her order to show cause, plaintiff testified (August 16, 1966) that as a result of the trial reconciliation with defendant in April 1965 David was born, and this testimony was false and she then knew it was false; that on November 29, 1967, blood tests proved conclusively that defendant could not be David's natural father; that on January 12, 1968, plaintiff admitted on deposition that she reconciled with defendant three weeks prior to April 15, 1965, but that prior to the three weeks leading up to April 15, 1965, she did not engage in sexual relations with defendant, and had sexual relations with someone other than defendant, and that she believed David was conceived in February 1965; and on the hearing on January 15, 1968, during which the blood tests were admitted in evidence, the following questions were asked and answered: "Q. BY MR. HORWITZ [attorney for defendant] Now, Mrs. Smith, you recall we took a relatively lengthy deposition this last Friday in my office; is that correct?

"A. [by plaintiff] Yes.

"Q. Do you recall at that time you indicated that you believed this child David to have been conceived in February of 1965; is that correct?

"A. I guess I did.

"Q. All right. Also at that time did you not indicate to me that you engaged in no sexual relations with Mr. Smith prior to the last week of March of 1965; isn't that correct?

"A. I guess I did."

Also at the January 15 hearing defendant testified that on June 9, 1967, he told plaintiff he knew David was not his, she knew it and her attorney knew it, "Wasn't that true," and she answered, "Yes"; that plaintiff having already admitted to him that someone else was David's father, he asked her why she had "gone after [him] for all the money . . . when she knew that [he] was not the father." The declaration also asserted that by her deceit she succeeded in obtaining substantial amounts of child support from defendant for a child she knew was not his and in October 1967 obtained $4,000 for her attorney for the purpose of continuing litigation on the paternity issue.

In opposition to the motion plaintiff filed her declaration asserting that because of defendant's harassment she was physically and mentally exhausted and made no intentional misstatements of fact; that her attorney had advised her that David was conclusively presumed to be defendant's child and she acted on his advice.

On July 5, 1968, the court made the following order: "The parties having stipulated in writing re granting and modification of attorneys' fees, upon defendant's application, the order heretofore made on October 20th, 1967, is modified by reducing the award by the gross sum of $500.00. The court is convinced that a franker disclosure of relevant facts concerning possible paternity would have considerably lessened the litigation process and that the plaintiff's failure to reveal those facts practically amounted to a lack of good faith in prosecuting that aspect of this litigation, although her attorney did the work meriting the original award, the amount deducted hereby could well be a charge against her and not against the defendant." By inadvertence the court failed to specifically rule on plaintiff's motion for additional fees and court costs (filed June 7, 1968), and on August 27, 1968, after taking judicial notice of the contents of the file, made its minute order denying the motion, "deeming the previous award as modified by the order of July 5, 1968 reducing the same by the sum of $500 to be an adequate charge against the defendant for such purpose and for the reasons set forth in said order of July 5, 1968, such additional attorneys' fees as may be warranted under the circumstances could well be a charge against the plaintiff but would be an improper imposition at this point against the defendant."

Thereafter plaintiff filed notice of motion for attorney's fees ($1,500) and court costs ($500) to prosecute this appeal from the orders of July 5, 1968, reducing the $4,000 fee awarded October 20, 1967, by the gross sum of $500 and of August 27, 1968, denying motion for additional fees and costs. On November 20, 1968, the court denied the motion without prejudice.

██ Appellant relies upon the same argument offered to and rejected by the court below—that even had she doubted defendant was David's natural father "she was in the position, under the then existing California law, of being unable to look to anyone else for support if she obtained no support from the respondent. The child would have been in limbo between two men, being unable to rely on either for support or to protect its rights. Under such circumstances the plaintiff (appellant) was compelled by California law to look to the respondent for support." When plaintiff's counsel argued below, "We are leaving the child in limbo if she had made a disclosure . . . ," the trial judge replied, "Not necessarily. She would not be the judge. She would only [be] giving forth the facts. The judge would have made a finding in this connection." While it is true a litigant is entitled to vigorous representation based upon a good faith belief in his legal position had plaintiff revealed the truth her counsel's representation could have related to those issues based on the true facts and her good faith.

Appellant says little of the accusation against her of bad faith and deceit in proceeding with her applications for David's support and attorney's fees resulting in orders against defendant for support and an additional $4,000 knowing defendant was not David's father, and her refusal to disclose to all parties and the court relevant facts concerning the paternity of the child until forced to do so by the result of the blood tests. Evidence in support of the foregoing is found in the supporting declaration and exhibits attached thereto which were obviously believed by the trial judge.[1] He had the right, as against plaintiff's claim that she made no intentional misstatement of fact, to accept the facts contained in the supporting declaration, and resolve the conflict against plaintiff. ██ In considering an appeal from an order which is based on affidavits and which involves the determination of a question of fact, an appellate court is bound by the same rule that controls where

---

[1]The judge's statements at the conclusion of the hearing reflect his findings: "[T]his Court is now in this position where it finds that to a certain degree this litigation was engendered by the consideration involving this child; that if there had been a clearer and more frank record on the part of the plaintiff in this connection, that there would not have been to some extent such protracted litigation. So that when we face the hours involved, the time involved, Counsel is well worth it, but the question is who should pay it where it is induced.

"There is a stipulation that the Court has the power to reduce it. The question is how much should we reduce it in consideration of the degree of litigation involving the child?

". . . . . . . . . . . . . .

"In following the law, correct, but in being frank and making a fair and full disclosure, I have my reservations on that. She was hiding behind the law, in my opinion, and in relying upon the cases instead of the facts, she has misled the Court.

". . . . . . . . . . . . .

"She was not fairly disclosing the true facts, despite the law. This is the inference I draw."

oral testimony is presented for review, namely: If there is any conflict in the affidavits those favoring the prevailing party are accepted as true; and since all intendments are in favor of the action taken by the lower court the affidavits in behalf of the successful party are deemed not only to establish the facts directly stated therein but all facts reasonably to be inferred from those stated. (*DeWit* v. *Glazier,* 149 Cal.App.2d 75, 81-82 [307 P.2d 1031].) ■ Moreover, the amount· of legal work done by plaintiff's counsel in support of the course she pursued in bad faith covered by the $4,000 fee was a matter resting in the sound discretion of the court, and its order will not be disturbed in the absence of a clear abuse of that discretion. After reviewing the entire file and considering the declarations filed in support of and in opposition to the motions, the trial judge determined that $500 was a proper amount by which to reduce the amount already awarded under the October 20, 1967, order and that plaintiff was entitled to no further fees and costs, her counsel having already received $4,500. There is here no showing of an abuse of the trial court's discretion in making the foregoing orders. (*Schwartz* v. *Schwartz,* 173 Cal.App.2d 455, 458 [343 P.2d 299].)

Inasmuch as the trial judge based his ruling on both motions on plaintiff's bad faith in failing to disclose relevant facts concerning the issue of paternity which would have considerably lessened the litigation process, and the ruling is supported by the record, we agree that it would be improper to require defendant to pay plaintiff's counsel additional fees and costs and the full amount of the additional $4,000 fee awarded October 20, 1967. (*Kesselman* v. *Kesselman,* 212 Cal.App.2d 196, 209-210 [27 Cal.Rptr. 769].) While it is true that an allowance of attorney's fees and alimony pendente lite does not depend on the merits or outcome of the litigation, plaintiff's good faith in prosecuting her action is a factor to be considered by the court in determining the propriety and amount of such fees and support. (*Kowalsky* v. *Kowalsky,* 145 Cal. 394, 395 [78 P. 877]; *Heller* v. *Heller,* 88 Cal.App.2d 603, 606 [199 P.2d 44].)

■ Nor will we disturb the trial court's order denying plaintiff's application for attorney's fees and court costs on appeal. In denying her motion the judge said, "I deem the appeal a meritless appeal because of the fact that the conflicts are resolved by the trial court, and that rule appears in many cases." ■ To warrant an allowance to the wife of attorney's fees and costs on appeal there must be a showing that she is in need, the husband has the ability to pay, the proposed appeal will be taken in good faith and there is reasonable ground for the appeal. ■ The latter does not require that she must be assured of success but that reasonable men should believe that the contentions to be urged merit attention and resolution by an appellate court. (*Hunter* v. *Hunter,* 202 Cal.App.2d 84, 92 [20 Cal.Rptr. 730].)

In ruling on the two motions, the main subject of this appeal, the judge resolved the factual conflict of plaintiff's bad faith and how much time her counsel devoted to litigation resulting therefrom from the declarations filed in support of and in opposition to the motions. Considering this and the record before him supporting his orders on the two motions relative to attorney's fees, it was entirely reasonable for the judge to conclude that in his opinion plaintiff's proposed appeal therefrom would be without merit. We cannot find that the order denying attorney's fees and costs on appeal was an arbitrary one or so lacking in evidentiary support as to constitute an abuse of discretion (*Simon* v. *Simon,* 260 Cal.App.2d 636, 639 [67 Cal.Rptr. 317]); in fact, we can only conclude that the trial judge was entirely correct in his opinion that the two motions were resolved primarily on the factual issues advanced in the declarations.

The orders are affirmed.

Wood, P. J., and Gustafson, J., concurred.