[Civ. No. 55926. Second Dist., Div. Five. Oct. 9, 1979.]

In re the Marriage of FELICIA A. and HENRY L. POLLARD.
FELICIA A. POLLARD, Respondent, v.
HENRY L. POLLARD, Appellant.

COUNSEL

Erica Hahn for Appellant.

Herman English and Fred C. Dresben for Respondent.

OPINION

**STEPHENS, Acting P. J.**—The only issue in this appeal is the propriety of a court order, issued following a hearing on appellant's order to show cause re modification of visitation, which required that appellant, a welfare recipient who had not been able to afford counsel for himself, pay $200 in attorney's fees for counsel for his ex-wife. This order was entirely prospective in nature, as appellant was not required to begin payments until his income, which was $220 per month at the time the order was made, exceeded $500 per month.

Before reviewing the pertinent background facts of this case, we note that because respondent has failed to file a brief, we "may accept as true the statement of facts in the appellant's opening brief." Rule 17(b), California Rules of Court (1979). The following statement of the facts is adopted from appellant's brief.

After a default hearing on October 12, 1977, an interlocutory judgment of dissolution of marriage was granted to respondent Felicia A. Pollard, petitioner in that action. The final judgment was entered on January 20, 1978. Custody of the minor child of the marriage was awarded to Felicia, and appellant in this case, respondent below, Henry, was ordered to pay $60 per month child support. No spousal support was awarded. The financial declarations of both parties revealed that each was on welfare, appellant being a student.

On January 31, 1978, appellant filed order to show cause re visitation modification in propria persona, requesting certain modifications in the manner in which he was being allowed to visit his daughter. The interlocutory judgment had reserved to appellant "reasonable" visitation rights. However, in his supportive declaration re modification, appellant stated that the necessity for requesting the modification was that "Petitioner [the child's mother] and her mother with whom she resides will only let me see my child for one hour per month. I have to

give petitioner's mother definite time of my arrival. If I'm late I'm only allowed to spend the balance left within the hour given me to visit." He also detailed other instances when he had not been allowed to give his child a Christmas gift or other things. As a modification he requested that he be allowed to visit his child once a week from 9 A.M. to 5 P.M. away from his ex-wife's residence, among other things.

Respondent retained an attorney and filed the necessary responsive papers. She also requested that appellant be ordered to pay her attorney's fees and court costs. The ultimate visitation rights were adjusted and an "amicable agreement effected" in the conciliation court. However, the superior court ordered that appellant pay $200 for respondent's attorney's fees, "payable at $20 per month whenever his income exceeds $500 per month." Appellant subsequently contacted the Legal Aid Foundation of Los Angeles and filed this appeal.

We begin by noting that Civil Code section 4370 provides, in pertinent part: "(a) During the pendency of any proceeding under this part, the court may order the husband or wife, or father or mother, as the case may be, to pay such amount as may be reasonably necessary for the cost of maintaining or defending the proceeding and for attorney's fees; . . . In respect to services rendered or costs incurred after the entry of judgment, the court may award such costs and attorney's fees as may be reasonably necessary to maintain or defend any subsequent proceeding therein, and may thereafter augment or modify any award so made." This code section is the statutory authority for the award of attorney's fees made in this case. ■ It has been held that this section allows attorney's fees to be awarded in cases where spousal support has not been awarded, but where an action is brought subsequent to the final judgment of dissolution involving child custody, visitation or support. In such instances, it has been recognized that the paramount concern is the welfare of the child. Therefore, it is appropriate for a court to award counsel fees so that such actions may be brought or defended to the party who seeks to bring or defend such actions when that party could not otherwise adequately represent the interest of the children. (*In re Marriage of Coleman* (1972) 26 Cal.App.3d 56, 60 [102 Cal.Rptr. 629].) However, in addition to the welfare of the children to be affected by the action, the court must not fail to consider the need of the one party and the ability to pay of the other.

Section 4370 is derived from former section 137.3. We agree that there is nothing in the Family Law Act, of which section 4370 is a part, to

indicate that the basic, underlying philosophy of the two sections is different (see *Perry* v. *Superior Court* (1970) 7 Cal.App.3d 236, 243 [86 Cal.Rptr. 607])—that philosophy being that a party in a domestic relations action should not be deprived of the ability to bring or defend an action solely upon the basis of financial inability when the other party has adequate financial resources upon which to base an award. ■ Furthermore, both the cases dealing with former section 137.3 and with section 4370 have recognized that "[f]our conditions must concur to warrant an allowance of attorney's fees in such a case as this: (1) The wife must be in need of such assistance—if she has ample funds of her own to retain counsel no requirement that her husband pay counsel fees is justified; (2) The husband must have the ability to pay; (3) The proposed appeal must be taken in good faith; (4) There must be a reasonable ground for the appeal; this does not mean that the appellant must be assured of success, but that reasonable men should believe that the contentions to be urged merit attention and resolution by an appellate court." (*Hunter* v. *Hunter* (1962) 202 Cal.App.2d 84, 92 [20 Cal.Rptr. 730]; cited approvingly for at least the first two prerequisites in *Simon* v. *Simon* (1968) 260 Cal.App.2d 636, 638 [67 Cal.Rptr. 323]; *Smith* v. *Smith* (1970) 4 Cal.App.3d 446, 452 [84 Cal.Rptr. 241]; *In re Marriage of Gonzales* (1975) 51 Cal.App.3d 340, 344 [124 Cal.Rptr. 278].) Of course, only the requirements regarding the respective need and ability to pay of the parties concern us here.

■ Were we to look solely to the need of the respondent there is no question but that the award of attorney's fees was proper. We are not and cannot be so blinkered in our observation. Here the record supports but one conclusion: both parties were legitimately on welfare; both were impecunious. There was no showing of any reasonable expectation of relief from this condition.[1] Under such circumstances we deem it an abuse of discretion for imposing upon one of the financially incapacitated parties an obligation to pay the attorney's fees contracted for by the other. Without evidential support, it is an abuse of discretion for a court to impose such an obligation upon one of the destitute parties which will hang as a sword over the obligor for perhaps as long as 10 years.

By this conclusion we do not wish to be misunderstood; we do not say that, supported by an appropriate record, a person who by design or who is but temporarily without assets cannot be assessed attorney's fees. We

---

[1] The status of "student" without something more which would indicate an educational advancement leading to economic benefit or improvement, does not provide such reasonable anticipation or expectation.

do hold that the record before us fails to establish any reasonable expectation of relief for appellant's impecunious condition.[2]

The order of March 15, 1978, is reversed insofar as it orders appellant to pay $200 in attorney's fees. In all other respects the order is affirmed.

Ashby, J., and Hastings, J., concurred.

---

[2]We also note that at the hearing on this appeal, the Legal Aid Foundation of Los Angeles represented appellant while private counsel again represented the wife. On inquiry, private counsel expressed his hopes that his services would not be of the pro bono nature despite the size of the dispute.