LEE, APPELLEE, *v.* LEE, APPELLANT.

(No. 45809—Decided June 10, 1983.)

*Mr. Larry I. Madorsky* and *Mr. Brian Urban,* for appellee Betty Lee.

*Mr. Robert M. Lustig* and *Mr. Edward A. Icove,* for appellant Anthony C. Lee.

MARKUS, J. Defendant husband appeals from an order increasing his former wife's alimony, contending that the change is unwarranted because wife declined to seek employment, that there are no substantial changed circumstances which justify any post-decree modification, and that the court improperly ordered him to pay wife's attorney fees for that proceeding. Husband's claims lack merit, so we affirm. Additionally, wife's motion to this court for appellate attorney fees is overruled.

I

The court granted wife a divorce in 1979, by a decree which incorporated the parties' separation agreement. The decree and agreement provided that husband would pay wife sustenance alimony of $1,300 per month "so long as wife lives and so long as wife has not remarried, subject to further order of the court." The agreement and decree also provided that "one of the basis [*sic*] for modifying alimony may be any change in the parties' earnings and economic conditions at that

time." Additionally, husband was obligated to furnish wife with a copy of his federal income tax return on request.

Approximately two years later, wife filed motions to modify alimony payments and for related relief, which were referred for hearing to the court's referee. In his report to the trial court, the referee recounted in some detail the evidence relating to the parties' economic circumstances. Husband filed a timely objection to the referee's report and provided a transcript of the referee's hearing. We have reviewed the transcript supplied and we conclude that the referee's findings submitted to the trial judge are supported by substantial credible evidence contained in the transcript of the referee's hearing.

The referee reported that husband's tax returns showed earnings of $55,000 in 1978, $63,000 in 1979, $95,000 in 1980 and $91,000 in 1981. He reported that husband has a 6.2 percent investment in an office building valued at $450,000 and a profit sharing plan valued at over $57,000. He also reported that wife's living expenses had increased from $1,459 per month in 1979, to $1,738 in 1982; that wife no longer received child support payments since the parties' child's emancipation although the child continued to live with wife; and that wife regularly received psychiatric treatment for her emotional condition.

The referee recommended that husband be held in contempt for failure to supply wife with the tax return and that the alimony payments be raised to $1,700 per month. He also recommended that attorney fees be awarded for the alimony modification proceedings in the amount of $2,000. These recommendations were adopted by the trial court.

## II

Husband's first assignment of error asserts:

"I. The trial court erred and abused its discretion by increasing the sustenance alimony payments from $1300 to $1700 per month."

In support of this assignment of error, husband argues that a wife is barred from receiving any increase in alimony where she makes no effort at self-support. Alternatively, he contends that even if wife could not work, she has not demonstrated a sufficient change in circumstances to require an increase in alimony.

An award of sustenance alimony pursuant to a divorce decree which incorporates a separation agreement is impliedly subject to the trial court's continuing jurisdiction regardless of the decree's terms. *Wolfe* v. *Wolfe* (1976), 46 Ohio St. 2d 399 [75 O.O.2d 474]. Awards which are initially fair may become oppressive under a variety of situations. In this case, the separation agreement and the resulting decree expressly retain the trial court's jurisdiction to modify alimony.

While there may be no right of one spouse to share in improved circumstances attained by the other spouse after the divorce, the financially dependent spouse may well have a right to economic support sufficient to maintain his or her standard of living prior to the divorce, to the extent that the financially supportive spouse has the economic ability to provide that support. In effect, husband claims that the trial court abused its discretion by increasing alimony obligations where wife makes no attempt at self-support, even though husband's economic status has improved markedly and wife's economic status has declined.

A trial court has broad discretionary power regarding the amount of alimony awarded. A reviewing court should not substitute its judgment about reasonable alimony modifications for the trial court's judgment. *Henry* v. *Henry* (1952), 157 Ohio St. 319 [47 O.O. 189]; *Creelman* v. *Creelman* (1966), 8 Ohio App. 2d 55 [37 O.O.2d 56]. An appellate court will not reverse an alimony determination on the ground that it is against the manifest weight of the evidence, where the evidence is conflicting or where there is

any substantial evidence to support the trial court's decision. *Dennison* v. *Dennison* (1956), 165 Ohio St. 146 [59 O.O. 210]; *Hine* v. *Hine* (1927), 25 Ohio App. 120.

The referee's findings reflect that wife's living expenses increased since the divorce, causing a decrease in her post-marital standard of living. His findings also demonstrated that husband's income had almost doubled since the divorce. Any public policy to discourage spousal idleness was apparently contemplated and found to be outweighed by the change in the parties' economic conditions. Further, the pre-divorce standard established by the parties' mutual understanding excluded any employment obligation for wife, so the trial court did not abuse its discretion in permitting the continuance of that same living standard.

Finally, the parties expressly contemplated that an alimony increase would be warranted when economic conditions or spousal earnings changed. Thus, the trial court's decision was supported by sufficient evidence and was not an abuse of discretion.

### III

Husband's second assignment of error asserts:

"II. The trial court erred and abused its discretion in awarding Mrs. Lee attorney's fees."

Husband alleges that attorney fees were not warranted or were excessive. This court held in *Swanson* v. *Swanson* (1976), 48 Ohio App. 2d 85 [2 O.O.3d 65], that the trial court has inherent authority to award reasonable attorney fees as alimony in a divorce proceeding.

The referee's report does not reflect the reasonableness of the fees awarded. However, husband has waived any alleged error in awarding fees without sufficient supporting data, or rendered it harmless, by supplying the trial court with a transcript of the referee's hearing which supplied all necessary supporting data. The trial court had sufficient evidence before it to determine the reasonableness of the fees pursuant to *Swanson, supra.*

Accordingly, we hold that the trial court did not err in awarding these fees.

### IV

After husband perfected his appeal to this court, wife filed a motion in this court for appellate attorney fees. Her motion asserts that this court has authority pursuant to Civ. R. 75(M)[1] to grant attorney fees as temporary alimony pending appeal.

Attorney fees are awardable for the prosecution or defense of an appeal from an alimony modification or child support proceeding under certain circumstances. However, we conclude that the common pleas court is a more appropriate forum to

---

[1] Civ. R. 75(M) provides:

"(1) When requested in the complaint, answer or counterclaim, or by motion served with the pleading, upon satisfactory proof by affidavit duly filed with the clerk of the court, the court or referee, without oral hearing and for good cause shown, may grant alimony pendente lite to either of the parties for his sustenance and expenses during the suit and may make a temporary order regarding the custody, support, maintenance and care of minor children of the marriage, whether natural or by adoption, during the pendency of the action for divorce, annulment or alimony."

Civ. R. 75(G) definitely vests discretionary power in this court to grant relief pending appeal. It provides:

"(G) Relief pending appeal: custody, support, alimony. The trial court may, when a motion to modify a custody, support or alimony order is filed prior to the filing of the notice of appeal, modify the order for the period of the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party and in the best interests of the children involved. Rule 62(B) does not apply to custody, alimony or support orders. When an appeal is taken by any party, the court of appeals may grant like orders concerning custody, support or alimony during the pendency of the appeal."

evaluate such services, even though this court has discretionary power to award these fees pursuant to Civ. R. 75.

Appellate courts and trial courts have concurrent jurisdiction over applications for temporary alimony and/or "suit money" while an appeal is pending. *Roberts* v. *Roberts* (1961), 113 Ohio App. 42. See, also, *McNett* v. *McNett* (1972), 95 Idaho 59, 501 P.2d 1059; *Davis* v. *Davis* (1962), 274 Ala. 277, 147 So. 2d 828; *Jones* v. *Jones* (1960), 67 N.M. 415, 356 P.2d 231; *Bryant* v. *Bryant* (N.D. 1960), 102 N.W.2d 800; *Phifer* v. *Phifer* (1936), 124 Fla. 223, 168 So. 9. See, generally, Annotation, 18 A.L.R. 1494, 1505; Annotation, 136 A.L.R. 502.

Where an appellate court has concurrent jurisdiction with the trial court on such applications, better practice prescribes that they be made and heard in the trial court. That tribunal already possesses some information useful in making an intelligent decision on that subject. It is better suited to conduct evidentiary hearings necessary to evaluate the justification for such services, the reasonableness of resulting fees, and the supporting spouse's ability to pay such amounts. See *McNett* v. *McNett, supra; State, ex rel. Atkinson* v. *Church* (1951), 37 Wash. 2d 814, 226 P.2d 861; *Ex parte Lohmuller* (Tex. 1910), 129 S.W. 834; *Prine* v. *Prine* (1895), 36 Fla. 676, 18 So. 781.

While an appellate court has directly observed some of the services provided by appellate counsel, a trial court may be equally able to evaluate the quality of such services with the assistance of expert testimony. Most services by litigating counsel on the trial or appellate level are performed outside the presence of any court. Factors used to determine reasonableness of attorney fees as part of an alimony award are enumerated in DR 2-106 of the Code of Professional Responsibility. See, also, *Swanson* v. *Swanson, supra.*

This court succinctly stated the purpose for granting these fees in *Kelly* v. *Kelly* (June 22, 1978), Cuyahoga App. No. 37476, unreported, at pages 12-13:

"* * * [I]t is apparent that the appellant lacked the funds to attempt to seek a modification of [the] support order. Without the assurance that she may be reimbursed, at least partially, for a successful prosecution of a meritorious claim, her right to seek modification would be meaningless. * * *"

This same rationale applies to a spouse seeking or resisting appellate relief. Such an award would enable the spouse to prepare properly and present his or her case, provided the supported spouse's circumstances require and the supporting spouse's means permit the award. See *Gust* v. *Gust* (1912), 69 Wash. 220, 124 P. 504; *Duxstad* v. *Duxstad* (1908), 16 Wyo. 396, 94 P. 463.

A vindictive supported spouse might file a "frivolous" appeal or frivolously resist a patently meritorious appeal. In order to circumvent this abuse of judicial process, the party seeking attorney fees must act in good faith and have reasonable grounds to believe that his or her appellate position is meritorious. *In re Marriage of Pollard* (1979), 97 Cal. App. 3d 535, 158 Cal. Rptr. 849. See, also, *Garrison* v. *Garrison* (Iowa 1970), 179 N.W. 2d 466; *Wilkerson* v. *Wilkerson* (Fla. App. 1965), 179 So. 2d 592; *Sokolow* v. *Sokolow* (1961), 28 Misc. 2d 962, 216 N.Y. Supp. 2d 495; *Saunders* v. *Saunders* (1953), 140 Conn. 140, 98 A.2d 815; *Chubb* v. *Chubb* (1941), 297 Mich. 501, 298 N.W. 111. The party need not be assured of success. Rather, reasonable persons should believe that the contentions asserted merit attention and resolution by the appellate court. *In re Marriage of Pollard, supra.*

Five conditions must exist before a trial court awards appellate attorney fees as alimony: (1) the supported spouse needed such assistance; (2) the supporting spouse has the ability to pay; (3) the appeal must have been taken or resisted by the supported spouse in good faith; (4)

there was reasonable ground for the supported spouse's appellate position; and (5) the amount of the fees allowed is reasonable. These matters can be considered by the trial court if an appropriate motion is filed there.

Wife's motion is overruled, and the trial court's order is affirmed.

*Motion for attorney fees overruled.*

*Judgment affirmed.*

CORRIGAN, P.J., and PRYATEL, J., concur.