MILTON H. SORIANO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; SWANI J. SORIANO, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Soriano v. Commissioner
Docket Nos. 18995-89, 23453-89
United States Tax Court
T.C. Memo 1991-2; 1991 Tax Ct. Memo LEXIS 2; 61 T.C.M. (CCH) 1622; T.C.M. (RIA) 91002; January 7, 1991, Filed *2 Decision will be entered under Rule 155 in docket No. 18995-89. Decision will be entered for the respondent in docket no. 23453-89. Milton H. Soriano, pro se at docket No. 18995-89. Ronald E. Braley and Paul A. Tonella, for the petitioner at docket No. 23453-89. Lisa M. Oshiro, for the respondent. SWIFT, Judge. SWIFT
MEMORANDUM FINDINGS OF FACT AND OPINION Respondent determined separate deficiencies in petitioners' Federal income tax liabilities as follows: Docket No. 18995-89
Year
Deficiency
1985
$ 4,847
1986
4,589
Docket No. 23453-89
Year
Deficiency
1985
$ 3,194
1986
8,187
The primary issue for decision *3 in these consolidated cases is whether amounts paid in 1985 and 1986 by petitioner Milton H. Soriano to petitioner Swani J. Soriano are to be treated as alimony payments or as a division of community property. FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioner Milton H. Soriano (Milton) resided in Seattle, Washington, at the time he filed his petition. Petitioner Swani J. Soriano (Swani) resided in San Francisco, California, at the time she filed her petition. Milton and Swani were married on October 14, 1971. Swani filed for divorce in 1979. The Superior Court for King County, State of Washington, granted the divorce on March 31, 1981. After a trial as to the proper division of the community property, a final decree of dissolution of the marriage and a division of the community property was entered on April 11, 1983. The Superior Court found that because Milton controlled the community assets, all community property should be awarded to him, except for various personal belongings, and that Milton would be required to make a lump-sum payment to Swani to equalize the value of the property each received with respect to the community property. *4 The amount of the lump-sum payment to be made by Milton to Swani was $ 315,988. Because of the illiquidity of the property, the Superior Court ordered that Milton could make payment to Swani of the $ 315,988 lump sum in four installments over four years: $ 65,988 one month after the decree of divorce and division of community property became final; $ 100,000 at the end of the first year; $ 100,000 at the end of the second year; and $ 50,000 at the end of the third year. These installment payment obligations with respect to Milton's lump-sum payment obligation were to be secured by Milton's personal residence, by additional real estate, and by other personal assets. The Superior Court further found that if Milton timely paid to Swani the $ 315,988 pursuant to the installment schedule set forth above, both Milton and Swani would be left with substantial estates and that in that situation maintenance or support payments to Swani would not be appropriate. The Superior Court also found, however, that if its final decree of divorce and division of community property was appealed by either party (delaying payment of the lump-sum installment obligations to Swani and thereby delaying *5 distribution to her of her share of the community property), "temporary maintenance" payments would be required to be made by Milton to Swani in the amount of $ 2,000 per month until final termination of the appeal or until Milton made the first installment payment with regard to his lump-sum payment obligations, whichever occurred first. The Superior Court further found that any temporary maintenance payments made by Milton under this provision were not to be charged against the total $ 315,988 lump sum ultimately to be paid to Swani as part of the division of community property. Milton appealed many aspects of the Superior Court's findings with respect to the division of community property. The Court of Appeals of the State of Washington rendered its decision with respect to Milton's appeal on July 21, 1985. After making a number of adjustments and recharacterizing some of the property, the appellate court generally affirmed the Superior Court's findings. The appellate court specifically upheld the Superior Court's award of maintenance payments during the pendency of any appeal, stating as follows: Maintenance is awarded under [Revised Code of Washington] 26.09.090 based *6 upon the need of the recipient after considering several factors which include the resources of the paying party and the standard of living established during the marriage. See also Stringfellow v. Stringfellow, 53 Wn.2d 359, 333 P.2d 936 (1959).
[T]he wife has . . . the right to support and maintenance, as befits her station in life, during the pendency of the appeal if she establishes a need therefor. Stringfellow, at 360. The record before the trial court fully apprised it of the wife's need, the resources of the husband, and the standard of living of the parties, all of which support the maintenance award. The appellate court, however, in part, modified the Superior Court's findings in that the appellate court held that the total amount of the monthly temporary maintenance payments Milton made to Swani during the pendency of the appeal should reduce the total amount of the lump-sum payment due Swani under the division of community property. In this regard, the appellate court stated briefly as follows: The subsequent decision in the Stringfellow dissolution, Stringfellow v. Stringfellow, 56 Wn.2d 957, 962, 350 P.2d 1003, modified *7 , 353 P.2d 671 (1960), taxed similar payments against the property division. This action by the Supreme Court occurred at the conclusion of the appellate proceedings and was taken in view of the property division and the parties' situation. Such action is also appropriate in the circumstances of this case. The temporary maintenance shall be taxed against the property division, to reduce the final payment under the decree. Milton made the $ 2,000 monthly maintenance payments to Swani during the pendency of the appeal. The monthly maintenance payments Milton made to Swani in 1983 and in 1984 were deducted by Milton and included by Swani as alimony on their separate Federal income tax returns for those two years. Milton also deducted as alimony the $ 24,000 in total monthly maintenance payments he made to Swani in each of 1985 and 1986 on his Federal income tax returns for those years. Swani's Federal income tax returns for 1985 and 1986, however, were filed after the July 21, 1985, decision of the Washington appellate court, and because the appellate court reduced the amount of the $ 315,988 lump-sum payment Swani was to receive under the division of community property *8 by the amount of the monthly maintenance payments she received from Milton, Swani and her tax representatives did not, on Swani's Federal income tax returns for 1985 and 1986, treat the total $ 24,000 in maintenance payments Swani received in each of those years as alimony income. On audit, respondent determined that the $ 24,000 in total maintenance payments Swani received in 1985 and in 1986 was alimony and should be included in Swani's income. In light of the position taken on Swani's 1985 and 1986 tax returns regarding the nonincludability of the maintenance payments, and to protect the revenue, respondent also disallowed the alimony deductions claimed on Milton's 1985 and 1986 Federal income tax returns. OPINION With certain exceptions not applicable here, with regard to divorce or separation instruments executed before January 1, 1985, section 71(a)(1) [1] provides that payments are included in income as alimony if they are received by a wife from her husband or ex-husband as periodic payments incident to a divorce decree and in discharge of the husband's legal obligation arising out of the marital or family relationship. [2] Section 215 provides the corollary rule that such *9 payments are deductible to the husband or ex-husband. The requirement that the payments be received *10 because of the marital or family relationship is based on the premise that alimony payments are received for the support and maintenance of the wife, rather than in satisfaction of vested property rights. Wright v. Commissioner, 543 F.2d 593, 597 (7th Cir. 1976), affg. 62 T.C. 377 (1974). In determining whether payments are to be treated as taxable alimony or support payments, on the one hand, or as a nontaxable distribution of community property, on the other, some of the factors to consider are whether there is a stated total fixed sum to be paid, whether the amount of the payments are related to the husband's income and the wife's needs, whether the payments continue without regard to the remarriage or death of the wife, and whether the wife relinquished any of her vested property rights in return for the payments. Riley v. Commissioner, 649 F.2d 768 (10th Cir. 1981); Beard v. Commissioner, 77 T.C. 1275, 1284-1285 (1981). The labels placed upon the payments by a state court are not necessarily controlling, Riley v. Commissioner, supra at 773-774; Hayutin v. Commissioner, 508 F.2d 462 (10th Cir. 1974), and all facts and circumstances will be considered *11 in resolving this fact issue. Wright v. Commissioner, 62 T.C. 377, 389 (1974), affd. 543 F.2d 593 (7th Cir. 1976). As explained, Swani argues that because the July 21, 1985, Washington appellate court reduced the total amount Swani was to receive as her part of the distribution of community property, the maintenance payments were effectively and retroactively recharacterized and, with respect to 1985 and 1986, should now be treated as nontaxable distributions of community property. We disagree. The monthly maintenance payments awarded to Swani in 1983 by the Washington superior and appellate courts clearly constituted alimony support payments. They were periodic in nature and were based on the monthly maintenance needs of Swani and the income resources of Milton. Both Swani and Milton treated the monthly payments received in 1983 and 1984 as alimony, includable in income by Swani and deductible by Milton, and those payments are not distinguishable from the payments at issue for 1985 and 1986. The Washington Superior Court certainly regarded the monthly maintenance payments as support payments, not as part of the division of community property. As we read and understand *12 the decision of the Washington appellate court, it also analyzed and regarded the monthly maintenance payments as just that (i.e., as temporary support or alimony payments), and it upheld the Superior Court's imposition of those payments as such. The fact that a reduction was made to the total amount of Swani's share of the community property does not, in our opinion and on the facts of this case, convert the monthly maintenance or alimony payments into a division of the community or marital property. For the reasons stated, the $ 24,000 in maintenance payments Swani received in 1985 and 1986 are includable in her income and are deductible by Milton. Respondent, at trial, argued summarily that because Milton realized a substantial benefit in 1986 when the appellate court reduced the payment Swani was to receive under the division of community property, the tax benefit rule of section 111 or the discharge of indebtedness rule of section 61(a)(12) applies and the amount by which Swani's share of the community property was reduced should be included in Milton's income. We disagree. The tax benefit rule of section 111 has no application because the reduction in the amount Milton *13 was to pay under the division of community property did not represent a "recovery" of any portions of Milton's maintenance payments. The appellate court's reduction in the amount Milton was to pay under the division of community property obviously was influenced by the amount of the maintenance payments, but that reduction simply represented part of the determination and analysis by the appellate court as to the proper division of the community property, not a recovery to Milton of maintenance payments he previously made. The discharge-of-indebtedness-income rule of section 61(a)(12) also has no application to the facts of this case because no indebtedness of Milton's was discharged. Milton had no fixed obligation under the Washington Superior Court's decision with regard to the decision of community property because that decision never became final and was modified on appeal. Milton's only obligation with regard to the division of community property came into effect with the finality of the appellate court decision, and no discharge occurred at any time with respect to any portion thereof. Milton raises two additional items as deductible interest expense. No substantiation, *14 however, has been provided, and we sustain respondent's disallowance of these items. Decision will be entered under Rule 155 in docket No. 18995-89. Decision will be entered for the respondent in docket No. 23453-89. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954 as in effect for the years in issue.↩
2. Section 71(a)(1), with certain exceptions not applicable here, as in effect for divorce and separation instruments executed before January 1, 1985, provided as follows: SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. -- (1) Decree of divorce or separate maintenance. -- If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. Respondent refers us in his trial brief to a version of section 71 not applicable until later years.↩