**The STATE of Ohio, Appellee,**

v.

**LOCHTEFELD, Appellant.**■

[Cite as *State v. Lochtefeld* (1993), 88 Ohio App.3d 45.]

Court of Appeals of Ohio,
Warren County.

No. CA92–09–086.

Decided May 24, 1993.

*Timothy A. Oliver*, Warren County Prosecuting Attorney, and *Joan G. Robinson*, Assistant Prosecuting Attorney, for appellee.

*Ruppert, Bronson, Chicarelli & Smith Co., L.P.A.*, and *Ronald W. Ruppert*, for appellant.

———————

KERNS, Judge.

On November 5, 1990, defendant-appellant, Eric Lochtefeld, entered a plea of guilty to a charge of aggravated burglary and was sentenced to a term of five to twenty-five years. Subsequently, Lochtefeld moved for shock probation, and on September 3, 1991, his motion was granted, and he was placed on probation for a period of five years. On September 4, 1992, Lochtefeld's probation was revoked and his earlier sentence was reimposed by the Warren County Court of Common Pleas. Thereafter, on September 16, 1992, he filed a notice of appeal to this court.

The appeal is based upon two assignments of error, the first of which urges that the trial court erred to the prejudice of appellant when it admitted evidence of the results of his urinalysis test at his probation violation hearing.

With particular reference to the first assignment of error, the evidence discloses that Tim Davis, the probation officer assigned to Lochtefeld, received a phone call on February 17, 1992 from Lieutenant Bailey of the Warren County Sheriff's Department indicating that the defendant was a suspect in several robberies. Subsequently, Lochtefeld was located in Miamisburg, Ohio, and his probation officer directed the police to take him into custody. Thereafter, on February 18, 1992, the probation officer, Davis, obtained a court order for a urinalysis, and at the subsequent probation violation hearing, which was held on September 4, 1992, the results of the test were admitted into evidence.

In these proceedings, appellant claims that the urinalysis test was incidental to an illegal arrest, and that the admission of the results of the test violated his constitutional rights. In particular, Lochtefeld relies upon R.C. 2951.08, which provides, among other things, that a probationer may be arrested by a police officer "upon the written order of the chief probation officer," and he argues that the arrest in the present case was unlawful, therefore, because the arresting officer was not possessed of a "written" order.

However, the record shows that appellant's argument, regardless of whatever merit it might possess, completely ignores the agreement which he signed on September 3, 1991, when he was granted shock probation. In that comprehensive statement, Lochtefeld waived almost all of his Fourth Amendment rights, and he acknowledged at that time that he could be randomly tested for drugs.

Specifically, appellant agreed "to submit to drug testing at my own expense as directed by my probation officer."

Here, appellant knowingly waived any possible objection to the drug testing directed by his probation officer and it is well settled that constitutional rights may be waived as readily as any other rights. Accordingly, the first assignment of error is overruled.

■ For his second assignment of error, Lochtefeld contends that the trial court erred in admitting the results of the urinalysis test into evidence because no testimony was presented at the hearing by anyone who conducted the testing procedure.

Initially, appellant complains that the lab technician who obtained the urine did not personally observe Eric Lochtefeld donating the urine specimen, and the evidence is undisputed that the lab technician, Kathy Oliver, did not witness this phase of the testing process. However, the technician did observe that appellant was the only person in the restroom and that two probation officers were at the doors to the restroom while Lochtefeld donated his specimen. Moreover, Oliver testified that the donor signs a form indicating that the specimen was in fact his. Hence, the evidence leaves little doubt that the urine specimen came from Lochtefeld.

■ In support of the alleged error, appellant also challenges the testimony of the witness, Dr. Bernard Caston, an expert in pathology, who testified that he was responsible for all of the activities in the laboratory where the urine specimen of Lochtefeld was tested for drugs. Dr. Caston testified further as to the identification of samples as they proceeded from the collection site through the laboratory analysis, and he explained in some detail the testing procedures.

At the hearing, Dr. Caston also testified that he supervised about seventy-five laboratory technicians and that he was responsible for the records maintained at the laboratory where the test was conducted. According to the evidence, Dr. Caston had no direct involvement with the testing of Lochtefeld's urine, but he was responsible for reviewing the reports of the technicians, including the objective findings therein, before identifying any illegal substance and signifying his approval of the particular report. In fact, Dr. Caston stated that he reviewed every page of the report on Lochtefeld's specimen before he signed the report.

In the case of *Columbus v. Lacy* (1988), 46 Ohio App.3d 161, 546 N.E.2d 445, upon which appellant relies, the testifying witness had no responsibility for the regular reports of the company which conducted the urine tests, whereas Dr. Caston was responsible for the records prepared and maintained at the laboratory where the urine sample submitted in the present case was tested for drugs. Unlike the present case, the witness in *Lacy* had no supervisory control over the

reported urinalysis results, and the commentary of the court in *Lacy,* 46 Ohio App.3d at 165, 546 N.E.2d at 449, appears to give inferential support, at least, to the position of appellee herein. Here, the testifying witness had a sound basis for determining that the test results were trustworthy, and the evidence was admissible, therefore, under the provisions of Evid.R. 803(6) and R.C. 2317.40. See, also, *Hardesty v. Corrova* (1986), 27 Ohio App.3d 332, 27 OBR 389, 501 N.E.2d 81. The second assignment of error is overruled.

Finding neither of the alleged errors to be well made, the judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and WALSH, J., concur.

JOSEPH D. KERNS, J., retired, of the Second Appellate District, sitting by assignment.