HARDESTY, APPELLANT, *v.* CORROVA, APPELLEE.

(No. 85AP-86 — Decided February 11, 1986.)

*Donald F. Kelch, Jr.,* for appellant.
*J. Boyd Binning* and *John Frazier Jackson,* for appellee.

WHITESIDE, J. Plaintiff, Michael J. Hardesty, appeals from a judgment of the Franklin County Court of Common Pleas and raises five assignments of error as follows:

"1. The trial court committed reversible error in failing to admit plaintiff's account into evidence on the basis the entries were not timely made.

"2. The trial court committed reversible error granting defendant's motion for involuntary dismissal without considering plaintiff's alternative causes of

action which allege that an express or implied contract for the payment of legal fees existed between plaintiff and defendant.

"3. The trial court committed reversible error in finding plaintiff failed to have personal knowledge of the method of maintenance of the account record and the record was not trustworthy.

"4. The trial court committed reversible error by disregarding and taking no judicial notice of the prior findings of the trial court and court of appeals.

"5. The trial court committed reversible error in considering questions and matters beyond its authority and which were not with[in] the order of reference."

Plaintiff brought this action seeking to recover attorney fees allegedly due him from defendant Frank Corrova for services performed in connection with the incorporation of a venture known as "C.S.S., Inc.," with continued representation, including legal services connected with the sale of the business.

This is the second appeal in this case. Upon the first appeal, *Hardesty* v. *Corrova* (June 1, 1982), No. 81AP-1021, unreported, this court reversed an earlier judgment dismissing plaintiff's claim. The court found that defendant was personally liable to plaintiff for the fees for legal services rendered until defendant asked plaintiff to discontinue representation in July 1978. The court also found that the fees charged were reasonable for the services rendered. However, the court found it necessary to remand the cause to the trial court "for a new trial on the question of the amount of compensation due plaintiff for services rendered prior to defendant's termination of plaintiff's representation in July 1978," because of confusion "relative to whether matters billed were of a personal or business nature, and whether payments were properly credited, not whether the charges for the individual services rendered were reasonable."

Following remand, a new trial was conducted before a referee, who recommended exclusion of the account submitted by the plaintiff as evidence and the rendering of the judgment of involuntary dismissal pursuant to Civ. R. 41(B)(2), stating in part in his report as conclusions of law:

"1. Plaintiff's Exhibit 2 is an out of court statement, with the declarant not testifying at trial, offered to prove the truth of the matter asserted. This Referee concludes as a matter of law that it was hearsay evidence as defined by Rule 801(C), Ohio Rules of Evidence, and excluded by Rule 802.

"This Referee further concludes that plaintiff failed to qualify his exhibit as a hearsay exception (record of regularly conducted activity) admissible under Rule 803(6). Defendant's objection at trial to the admission of Plaintiff's Exhibit 2 was properly sustained.

"2. Plaintiff did not present any other evidence that would show that he was entitled to any additional legal fees for services rendered to the defendant. This Referee concludes that the *prima facie* case on an account cannot be presented without at least properly presenting, and qualifying for admission into evidence, the account record.

"Accordingly, at the close of plaintiff's case, defendant moved for involuntary dismissal of the complaint pursuant to Civil Rule 41(B)(2). The motion was sustained on the ground that, upon the facts and the law, plaintiff has shown no right to the additional payment of monies due on account or otherwise."

The trial court overruled objections to the referee's report, adopted the report as its own, and entered judgment accordingly.

Although the referee was in error in finding an account record a necessary prerequisite for a prima facie case on account (see *American Security Service* v. *Baumann* [1972], 32 Ohio App. 2d 237 [61 O.O. 2d 256]), the essential issue

before us is whether sufficient evidence was adduced to authenticate the account record offered into evidence by plaintiff. In his report, the referee referred only to plaintiff's exhibit 2, whereas, the account record was also offered into evidence as plaintiff's exhibit 1, which is also a copy of the account attached to the complaint. Plaintiff's exhibit 2 is the original account record of which plaintiff's exhibit 1 is a copy, but which reflects one additional item dated July 19, 1979, not included on plaintiff's exhibit 1. Although plaintiff's exhibit 1 is a copy, it was admissible pursuant to Evid. R. 1003, since no objection was made to use of a duplicate as defined by Evid. R. 1001(4), although it may be unnecessary to admit both the original and duplicate. Nevertheless, we consider the referee's recommended finding as to admissibility to pertain to plaintiff's exhibit 1, as well as plaintiff's exhibit 2.

In rejecting plaintiff's exhibits, the referee relied upon Evid. R. 803(6), which provides in pertinent part:

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
" * * *
"(6) Records of regularly conducted activity. A * * * record * * * in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the * * * record * * * all as ′shown by the testimony of the custodian or other qualified witness or as provided by Rule 901(B)(10), unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. * * *"

This rule encompasses what is ordinarily called the business record exception to the hearsay rule. In rejecting plaintiff's exhibits, the referee specifically stated in his findings of fact:

"2. Plaintiff presented evidence regarding services rendered to the defendant, but plaintiff could not recall what services were rendered in relation to an account for payment submitted to the defendant. Plaintiff testified that he did not personally maintain an accounting record of services rendered, which were [sic] sent to the Defendant (see plaintiff's Exhibit 2).

"Plaintiff testified that he was not the individual who maintained an office accounting record which was alleged to be the accounting record for services rendered to defendant, Frank Corrova. Plaintiff also testified that he did not have personal knowledge of the manner the account record was actually maintained.

"Plaintiff admitted that his accounting record was, on occasion, inconsistent with billing statements sent to the defendant and thus not trustworthy.

"3. Plaintiff failed to present any evidence that the various entries on the document proffered as proof of an account were made at or near the time of the alleged servies [sic] and charges, or that the entries were made by a person with knowledge of the alleged services and charges. Defendant's Exhibits A through E demonstrated that plaintiff personally kept some time sheets (although no evidence was presented to show that the services listed were actually performed by plaintiff or were actually performed for the benefit of C.S.S., Inc.). However, no evidence was presented to demonstrate any regular system whereby (some unknown person at some unknown time) the number of hours of services claimed by plaintiff for a period of time was converted to a dollar figure, and that charge was entered upon the account ledger. * * *"

Considering these findings individually, plaintiff testified as to the services rendered for which the billings were made. However, it is true that he could not recall specifically what services were rendered during a particular month with

respect to a specific billing. This, however, is the very reason for the business record exception to the hearsay rule, rendering it unnecessary to prove specifically what services were rendered on a given date, the business record maintained in the ordinary course of business sufficing for that purpose.

Although plaintiff did testify that he did not personally post the items to the account, he testified that he did maintain the account, with postings being made monthly by his secretary under his direction and supervision, and that he reviewed the account monthly at the time he prepared or gave instructions for preparation of each bill. Plaintiff did not testify that he had no personal knowledge of the manner in which the account record was actually maintained but, instead, testified as to the manner. Nor did plaintiff admit that his account record was inconsistent with billing statements sent to defendant. He did, however, admit that one bill in the amount of $750 was not posted. The bill was for services rendered during December 1976, which, according to plaintiff's testimony, should have been billed and posted in early January 1977. An examination of plaintiff's exhibit 1 shows no entry for January 1977, although it does reflect postings for every other month from April 5, 1976, through August 3, 1978. Plaintiff's testimony was to the effect that billings and postings were made monthly at his instruction from time sheets prepared by him, with notations thereon as to the amount to be billed. Plaintiff did admit that the January 1977 billing was not posted to the account ledger, which, if posted, would have increased the balance by $750. There is no indication of any other error in the account record. Proof of one error in an account record does not render the record inadmissible.

Contrary to the referee's finding, there was evidence that the entries on the account record were made at or near the time of the alleged services and charges. Plaintiff testified that the billings and postings were made monthly and that each payment made was recorded. Likewise incorrect is the referee's finding that there was no evidence that the entries were made by a person with knowledge of the alleged services and charges. Plaintiff testified that the entries were made by his secretary under his supervision, control and direction. Evid. R. 803(6) does not require that the entries themselves be made by a person with knowledge, it being sufficient if the postings were made from information transmitted by a person with knowledge. Plaintiff's testimony is to the effect that the billings were posted by his secretary at his request and direction from information furnished by him. Since the secretary prepared the bills from that information, she had knowledge of the amount to be posted on the account sheet. Clearly, plaintiff had knowledge of the services and charges since he rendered the services and determined the amount to be charged.

Although the referee in his report refers to "some unknown person at some unknown time," plaintiff's testimony was to the effect that the postings were made by his secretary on a monthly basis for services rendered the preceding month. Although the referee refers to time sheets and number of hours of service, it is unnecessary to introduce the time sheets into evidence when an account is presented, the time sheets being the underlying foundation for the billings and, thus, the entries. Plaintiff testified that he determined the amount of the charge predicated not only upon the number of hours expended but also the nature of the services.

From the record, it appears that there was confusion as to who is qualified as a witness to authenticate an account record. Evid. R. 803(6) refers first to "testimony of the custodian or other qualified witness," and then refers

to Evid. R. 901(B)(10), which provides with respect to authentication or identification of evidence that:

"Any method of authentication or identification provided by statute enacted by the General Assembly not in conflict with a rule of the Supreme Court of Ohio or by other rules prescribed by the Supreme Court."

R.C. 2317.40 permits authentication of a business record by "the custodian or the person who made such record or under whose supervision such record was made." Since the account record in question is plaintiff's record as he testified and, since it was prepared under his supervision and control, he was an appropriate witness to authenticate the account record. It was unnecessary to present the testimony of the secretary who made the actual postings to authenticate the account record.

Plaintiff identified exhibit 1 as "a copy of my account on this matter, the ledger sheet showing the account." He identified exhibit 2 as "the original ledger sheet showing the account." He explained the procedure for the account and what it meant. He also testified that the account was maintained in the ordinary course of his business and that entries were made on a monthly basis for a new time and a new amount of charges for legal services rendered. He testified that each payment made by the client was recorded on the account. Plaintiff further testified that each of the services reflected on the account was performed pursuant to his agreement with defendant and that no services not anticipated by that agreement were included. He further testified that the account record was in the possession of his secretary under his direct supervision and control and that he reexamined the record monthly at the time that he prepared or gave instructions for preparation of billings.

On cross-examination, he testified that his hourly rate was just a starting point and that he would bill either higher or lower than the ordinary billing rate, depending upon the result of work. He further testified that the billings were made right after the end of the month when the total time was known. He testified with respect to some defense exhibits, marked but not offered into evidence, that they were his time-keeping records maintained by him. He testified that, with one exception of an entry of payment made by him, all the entries were made by his secretary. Plaintiff further testified that he kept his hours for each month and used these to calculate a bill predicated upon what he felt was reasonable for the month's amount of work. On redirect, with the one exception discussed, *supra,* plaintiff traced the bills and time sheets referred to in cross-examination to the account record. He also testified again that billing was on a monthly basis for the preceding month's work. He testified that the account record was maintained at his request and under his supervision by his secretary on a regular basis in the ordinary course of business and was prepared from information on the bills that were sent out and the checks that were received in payment in the ordinary course of business. He also testified on cross-examination that plaintiff's exhibit 1 is a true and accurate representation of his account.

Accordingly, there was sufficient evidence adduced to authenticate the account record so as to render it admissible under Evid. R. 803(6), and R.C. 2317.40, to the extent it remains applicable under the business record exception to the hearsay rule. Accordingly, the first and third assignments of error are well-taken.

Although plaintiff did seek recovery upon alternate theories other than account, we find no prejudicial error in the trial court's failing to consider the alternate theories of recovery, inasmuch as

plaintiff offered no direct evidence, other than the account record, as to the amount due from defendant for the services rendered. The second assignment of error is not well-taken.

Likewise, we find no prejudicial error arising from any failure of the trial court to follow the mandate of this court upon remand. The cause was remanded for a new trial upon the question of the amount due plaintiff from defendant, liability and the reasonableness of the fees having been established upon the first appeal. For whatever reason, the trial court chose to conduct an entire new trial upon the question of the amount of compensation, rather than consider the evidence previously adduced, plus such additional evidence as the parties might offer. See Civ. R. 59(A). However, plaintiff did not object to this procedure and, accordingly, it was incumbent upon the parties to present all of their evidence, rather than relying upon evidence previously adduced at the first trial. The fourth assignment of error is not well-taken.

Similarly, with respect to the fifth assignment of error, it is apparent that the trial was conducted without reference to evidence adduced at the first trial. We find no indication in the record that plaintiff objected to this procedure or asked the court to consider as evidence all the testimony and exhibits admitted into evidence at the first trial. It is true that, upon the first appeal, we found that an account had been proved in that trial, but a question remained as to the proper amount due plaintiff from defendant, since some question was raised as to whether all payments had been credited on the account and as to whether some of the services rendered were for personal, rather than business, purposes.

Nevertheless, under the trial procedure utilized without objection from plaintiff, the account record was newly identified and offered into evidence, including this time not only the copy attached to the complaint but also the original account record (plaintiff's exhibit 2). As we understand the referee's ruling, it bore solely upon the admissibility of the record, not whether that record established an account if properly authenticated. Although the referee erred in excluding the account record (plaintiff's exhibits 1 and 2), we do not understand his finding to indicate whether the exhibits, if properly authenticated and admitted, would prove the existence of an account. Accordingly, the fifth assignment of error is not well-taken.

For the foregoing reasons, the first and third assignments of error are sustained, and the second, fourth and fifth assignments of error are overruled. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

MOYER, P.J., and MCCORMAC, J., concur.