FARLEY, Appellee,

v.

FARLEY, Appellant.

[Cite as *Farley v. Farley* (1994), 97 Ohio App.3d 351.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66455.

Decided Oct. 20, 1994.

352

*Joyce E. Barrett,* for appellee.

*Wilsman & Schoonover, James M. Wilsman, Kelly, McCann & Livingstone, Carl A. Murway* and *Mary E. Stanley,* for appellant.

*Per Curiam.*

This appeal was filed and briefed as an accelerated appeal pursuant to Loc.R. 25 of this court. Appellant James Farley timely appeals the decision of the trial court granting appellee Coral Farley's postdivorce motion for attorney fees. In compliance with App.R. 11.1, it is the opinion of this court that appellant's arguments challenging the award of attorney fees have merit, and the judgment of the trial court is reversed.

This action involves an award of attorney fees to appellee for the services of her attorney after the parties' divorce. The parties were divorced on April 10, 1991. The trial court made equitable distribution of their marital property. Appellee was awarded sustenance alimony of $1,500 per month for three years. Appellant was ordered to pay appellee's attorney fees in the amount of $27,500.

On April 19, 1991 appellee filed for additional attorney fees in the amount of $7,500. The trial court granted the motion, and appellant paid a total of $35,000 in attorney fees. Appellant filed an appeal challenging the extra $7,500 award of attorney fees. This court in *Farley v. Farley* (Aug. 12, 1993), Cuyahoga App. No. 62780, unreported, 1993 WL 311392, ("*Farley I* ") reversed the trial court's award of an extra $7,500 in attorney fees as arbitrary and an abuse of discretion and remanded the cause.

Appellee also appealed the trial court's judgment regarding the distribution of marital property and the award of spousal support. This court affirmed the trial court's judgment on all issues raised by appellee. Appellee filed a motion for reconsideration, which was also denied.

Appellee then appealed this court's decision to the Supreme Court of Ohio. The Supreme Court, finding no substantial constitutional issue, dismissed the appeal *sua sponte*. (1994), 68 Ohio St.3d 1445, 626 N.E.2d 687.

Appellee filed yet another motion for attorney fees, for services related to the appeal. On September 29, 1993 the trial court conducted a hearing on the remand from this court and on appellee's motion for additional attorney fees. At the hearing appellee's counsel submitted an itemized statement of her fees. The statement shows 98.9 hours at $250 per hour for a total of $24,725. The statement also shows 6.7 hours of work at $150 per hour for services performed by James P. Reddy Jr. for a total of $1,005. Court costs amounted to $2,091.95, bringing the total attorney fees and costs to $27,821.95.

The trial court accepted the statement of fees as submitted in the total amount of $27,821.95 as reasonable. The court in its judgment entry stated as follows:

"The court finds, based on the pleadings and the evidence, that plaintiff has incurred reasonable attorney fees and expenses in the amount of $27,821.95 in prosecution of her appeal in this action as described in *Swanson v. Swanson* (1976), 48 Ohio App.2d 85 [2 O.O.3d 65, 355 N.E.2d 894]. The court further finds that defendant has overpaid plaintiff in the amount of $7,500.00 for legal fees and expenses previously awarded.

"The court further finds that the plaintiff does not have the ability to pay all of these fees while defendant does have the ability to pay a significant portion of the fees and expenses.

"The court further finds that despite the affirmance of the decree in this action, plaintiff's appeal was made in good faith and was reasonably necessary to insure a complete determination of plaintiff's legal rights.

"The court further finds that despite defendant's arguments to the contrary, the motion for fees filed by plaintiff combined with the evidence and testimony submitted at the hearing is legally sufficient to support an award of fees and expenses. The earlier *Farley* decision, CA# 62780, unlike the instant case, dealt with a situation where no hearing was conducted. As such, the prior Farley case is distinguished from the instant situation where evidence was presented at the hearing establishing the plaintiff's costs and fees were reasonable and awardable pursuant to *Swanson*.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that plaintiff is awarded her attorney fees in the amount of $16,867.22, for which judgment is rendered and execution shall issue.

"The award of fees made above constitutes a setoff of the previous overpayment, then an apportionment of the total fee according to the percentage of each party's income to the combined total."

The trial court's award of $24,367.22 out of $27,821.95 in attorney fees to appellee is replete with legal infirmities due to that court's inability to conduct proper review of the evidence submitted in support of the award. We find no evidence to support the trial court's determination that appellant is more able to pay some of the attorney fees than appellee. Assuming *arguendo* that appellant is more able to pay some of the attorney fees than appellee, we find also that the trial court did not fairly arrive at a proper portion of the fees that should be borne by appellant. This court, citing *Lee v. Lee* (1983), 10 Ohio App.3d 113, 10 OBR 137, 460 N.E.2d 710, held in *Wischmeier v. Wischmeier* (June 18, 1987), Cuyahoga App. No. 52245, unreported, 1987 WL 13309, that the trial court must observe the following conditions before awarding attorney fees as alimony: the supported spouse must need the assistance; the supporting spouse must be able to pay for the assistance; the appellate position taken by the supported spouse must be reasonably grounded; and the amount of attorney fees *must be reasonable.* See, also, R.C. 3105.18(H).

When a case has been remanded to the trial court in order to take additional evidence, and the proceedings are then commenced anew on the remanded issue, it is incumbent upon the parties to present all of their evidence. *Hardesty v. Corrova* (1986), 27 Ohio App.3d 332, 337, 27 OBR 389, 394–395, 501 N.E.2d 81, 87. Where any essential element is not proven, then any judgment rendered notwithstanding that failure should be reversed. *Sylvania Sav. Bank Co. v. Sunburst Car Care Centers, Inc.* (1983), 12 Ohio App.3d 97, 99, 12 OBR 403, 405–406, 467 N.E.2d 263, 265–266.

In this court's opinion in *Farley I,* we reasoned that the trial court had failed to follow the mandates of R.C. 3105.18(H) and our decision in *Oatey v. Oatey* (1992), 83 Ohio App.3d 251, 614 N.E.2d 1054. We thus instructed in *Farley I* that:

" '[A]n award of reasonable attorney fees must be predicated upon evidence submitted by the movant demonstrating the reasonable value of actual services performed and itemized to the party pursuant to Dom.Rel.Loc.R. 21(B).' *Id.* [*Oatey v. Oatey* (1992), 83 Ohio App.3d 251, 263, 614 N.E.2d 1054, 1062.]

" * * *

"There are several problems with this order: (1) the request for attorney fees contained none of the factual information required by *Oatey,* R.C. 3105.18(H) and

Dom.Rel.Loc.R. 21(B); (2) the award was for future attorney fees; and (3) the award contains no factual findings by which it may be reviewed. As such it is arbitrary and an abuse of the trial court's discretion.

"Mr. Farley's assignment of error is sustained. The trial court's judgment regarding attorney's fees in excess of $27,500 is reversed. The cause is remanded for the trial court to rule on Mrs. Farley's motion for attorney's fees of $35,000 in accordance with *Oatey*, R.C. 3105.18 and Dom.Rel.Loc.R. 21(B)."

Following our remand, however, plaintiff's counsel presented evidence concerning her client's award of marital assets and her current expenses, but counsel presented no evidence concerning her client's present income. Accordingly, our instruction that fees be determined with reference to *Oatey*, R.C. 3105.18 and Dom.Rel.Loc.R. 21(B) was not met, since each of those authorities mandates consideration of relative abilities to pay.

In *Swanson v. Swanson* (1976), 48 Ohio App.2d 85, 90, 2 O.O.3d 65, 68–69, 355 N.E.2d 894, 898, this court held that the trial court must consider many factors in determining a proper amount of attorney fees, including DR 2–106(B). In the instant case, counsel presented no evidence concerning the reasonableness of her fees, but simply presented her and her associate's hourly rates, and the number of hours spent.

Our review of the record reveals that appellee's counsel submitted a total of 98.9 hours, which was multiplied by $250 per hour for Joyce Barrett, and 6.7 hours, which was multiplied by $150 per hour for James Reed, Jr. This multiplication produced a subtotal of $25,730, to which $2,091.95 for filing fees and transcript costs was added, bringing it to a total of $27,821.95, submitted and awarded. This procedure was condemned in *Swanson, supra*. This court held in *Swanson* that an award of attorney fees based on a mechanical formula of multiplying the number of hours spent by the hourly rate of counsel *is deficient as a matter of law*, because it is based on only one of the factors to be considered. The *Swanson* court continued:

"Indeed, it is recognized that domestic relations cases tend to consume a considerable amount of time and that counsel must generally realize that he cannot always expect full compensation for the time so consumed." (Citations omitted.) *Id.*, 48 Ohio App.2d at 92, 2 O.O.3d at 69, 355 N.E.2d at 899.

In the instant case the trial court awarded appellee the fees for all the hours her counsel spent and more.[1] This it cannot do in view of some of the activities that yielded those hours.

---

1. The amount awarded included the cost of transcript and filing fees.

In the trial court's journal entry the court reasoned that the $27,821.95 related to the prosecution of appellee's appeal. But a careful review of the record shows that the statement of the itemized hours contains many activities that had no bearing on appellee's appeal. For example, the record shows various activities from January 4, 1991 until November 10, 1991, which were conducted before the filing of appellant's notice of appeal of November 15, 1991. There are also other motions filed after November 15, 1991, all of which were unconnected to the appeal.

We must emphasize that there are other considerations that should be made by the trial court before awarding attorney fees as alimony that cannot all possibly be listed. But the trial court must always pay close attention to all proceedings and their origins. It would be an egregious miscarriage of justice to condone prolonged litigation tactics by one party by giving tacit approval to his or her belief that the other party will automatically bear the cost.

The court must look at various tactics used during the entire case to determine whether those tactics are used to delay the proceedings and increase attorney fees regardless of who pays the fees. The court must also examine the conduct of the parties to determine at what point the quest for justice ceases, and the use of the legal system as a tool for punishment, harassment, coercion, and intimidation of the other party begins.

In the instant case, we have observed certain procedures that required more critical review than that given by the trial court.

At the conclusion of the first trial, appellee's counsel filed a motion for reconsideration, even though, as she acknowledged in her motion, there is no such procedure in the trial court. See *Consolidated Rail Corp. v. Forest Cartage Co.* (1990), 68 Ohio App.3d 333, 588 N.E.2d 263. It was denied. She filed a motion for a new trial and, as this court observed, she did not present evidence of the elements necessary to grant a new trial. That motion was also denied. She then filed her notice of appeal. This court rendered its opinion on the appeal. Appellee's counsel again filed a motion for reconsideration. Counsel in her motion completely ignored the conditions that must be presented before an appellate court can reconsider its decision and change its opinion. A motion for reconsideration must call to the attention of the court an obvious error in its decision, or raise an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been. *Matthews v. Matthews* (1981), 5 Ohio App.3d 140, 5 OBR 320, 450 N.E.2d 278; *State v. Black* (1991), 78 Ohio App.3d 130, 604 N.E.2d 171; see, also, *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515. Her motion again was denied. Counsel then filed a notice of appeal to the Ohio Supreme Court.

Our opinion is not intended to stop or intimidate parties from going through the legal processes available to them; we are saying that these processes must be reviewed critically by the courts on a case-by-case basis to avoid using the processes to serve the benefit of the lawyers instead of the ends of justice.

■ We must also emphasize that the payment of attorney fees *is primarily the function of the party who retains the attorney.* It is not an equal obligation of both parties. While the law allows one party to a divorce under certain conditions to be required to pay for all or some of the other party's legal fees, R.C. 3105.18, the trial court must make the determination equitably and fairly to serve the ends of justice.

■ The trial court, in an attempt to distinguish its action before *Farley I* from its decision on remand of that decision, made a mechanical application of what this court asked it to do on remand. The essence of remand is for the trial court to take a second look at its decision and how it arrived at it, and make further determinations consistent with the instructions or reasons for the remand. See *Hardesty v. Corrova, supra.* It is not intended for the trial court to make a rubber-stamp decision which has the appearance of compliance while in actuality is just the same decision that created the remand.

■ We also notice that included in appellee's counsel's fees are the costs of filing and transcripts in the amount of $2,091.95. Appellant should not have been made to pay for these costs, especially in light of our holding in *Farley I* that appellee pay appellant's costs of the appeal. If this court had intended that these costs be passed on as attorney fees to appellant we would have said so. We find it inconsistent to ask appellee to pay appellant's costs only to have appellee turn around and recover her own appellate costs from appellant.

We cannot overemphasize the fact that this profession must police itself and examine its contribution, if any, to the chaos and confusion that is so very prevalent in the domestic relations court. This profession must continuously examine itself and its relationship with the people it serves to avoid a total breakdown of that relationship. The law should not merely mirror the society which has conferred upon lawyers and judges the privilege of service; society demands accountability from those chosen to serve. It becomes an abuse of that privilege and a betrayal of trust to create or encourage litigation where there is lacking a good faith belief in the cause, or an appearance that the cause is secondary to the continuation of the case at the unwitting expense of the other party.

In summary, we hold that the trial court's finding that appellee does not have the ability to pay all her attorney fees is not consistent with the mandates of the law as per our previous order on remand. We also hold that appellee's counsel

did not meet her evidentiary burden in accordance with the law and this court's prior instructions that the reasonableness of attorney fees be evidenced on the record.

Appellant's first assignment of error is sustained and this cause is reversed.

Because our disposition of appellant's first assignment of error renders the other two assignments moot, we decline to further address them. See App.R. 12.

*Judgment reversed.*

HARPER and WEAVER, JJ., concur.

PORTER, Judge, dissenting.

I must respectfully dissent from the majority's reversal of the post-trial award of attorney fees because (1) there was sufficient evidence to support the trial court's findings that appellant was better able to pay some of the attorney fees than appellee and that the fees were reasonable, and (2) proper allowance was made for the $7,500 in fees previously remanded by this court. I also find that the trial court made a reasonable allocation of the fees between the parties based on their respective abilities to pay. In short, I would affirm the allowance of fees except for the costs that this court previously ordered should be borne by appellee.

"Upon appeal the only questions for inquiry are whether the factual conclusions upon which the trial court based the exercise of its discretion were against the manifest weight of the evidence; or, whether there was an abuse of discretion." *Swanson v. Swanson* (1976), 48 Ohio App.2d 85, 90, 2 O.O.3d 65, 68, 355 N.E.2d 894, 898; *Linehan v. Linehan* (1986), 34 Ohio App.3d 124, 128, 517 N.E.2d 967, 971–972; *Oatey v. Oatey* (1992), 83 Ohio App.3d 251, 263, 614 N.E.2d 1054, 1061–1062; *McCoy v. McCoy* (1993), 91 Ohio App.3d 570, 583, 632 N.E.2d 1358, 1366–1367. An "'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142; *Oatey*, 83 Ohio App.3d at 263, 614 N.E.2d at 1061–062. "A decision to award or not to award attorney fees should not be interfered with absent a clear showing of abuse or prejudice by the trial court." *Birath v. Birath* (1988), 53 Ohio App.3d 31, 39, 558 N.E.2d 63, 71.

The primary issues on this appeal are (1) whether the appellee was entitled to attorney fees for what proved to be unsuccessful posttrial efforts to improve the terms of the divorce decree and (2) whether the evidence in support of the attorney fees was sufficient to sustain the court's discretionary award.

There is no question that a party to divorce proceedings can obtain an award of attorney fees from the opposite party. R.C. 3105.18(H). An award of appellate fees depends on the satisfaction of certain conditions. This court stated in *Lee v. Lee* (1983), 10 Ohio App.3d 113, 116–117, 10 OBR 137, 140–141, 460 N.E.2d 710, 714, as follows:

"Five conditions must exist before a trial court awards appellate attorney fees as alimony: (1) the supported spouse needed such assistance; (2) the supporting spouse has the ability to pay; (3) the appeal must have been taken or resisted by the supported spouse in good faith; (4) there was reasonable ground for the supported spouse's appellate position; and (5) the amount of the fees allowed is reasonable. These matters can be considered by the trial court if an appropriate motion is filed there."

It cannot be denied that the judgment entry of the trial court herein made the requisite findings to sustain an award of attorney fees, to wit:

"The court finds * * * that plaintiff has incurred reasonable attorney fees and expenses in the amount of $27,821.95 in prosecution of her appeal * * *.

"[T]he plaintiff does not have the ability to pay all of these fees while defendant does have the ability to pay a significant portion * * *.

" * * * Plaintiff's appeal was made in good faith and was reasonably necessary to insure a complete determination of plaintiff's legal rights.

" * * * [T]he evidence and testimony submitted at the hearing [are] legally sufficient to support an award of fees and expenses. * * * "

These findings satisfy the *Lee* requirements, unless the court abused its discretion in reaching its conclusions without sufficient evidence. A review of the evidence presented at the hearing leads me to the conclusion that the trial court did not award the fees without proper evidentiary support.

Appellee's counsel submitted and testified to her qualifications, an itemized statement of the hours spent in increments of one-tenth of an hour for the services rendered, her customary rates, the reasonableness of the rates, the good faith in pursuing the relief, and the novelty of the issues involved. Appellant cross-examined, but offered no evidence in opposition to appellee's submission. Furthermore, discretion in these matters is entrusted to the trial court because "[t]hat tribunal already possesses some information useful in making an intelligent decision on that subject. It is better suited to conduct evidentiary hearings necessary to evaluate the justification for such services, the reasonableness of resulting fees, and the supporting spouse's ability to pay such amounts." *Lee, supra*, 10 Ohio App.3d at 116, 10 OBR at 140, 460 N.E.2d at 714.

The trial court, being familiar with the efforts of counsel and the issues, is better suited than this court to make a judgment on the credibility of appellee's submission on the need for fee-shifting and the reasonableness of the request. In the absence of any offer of countervailing evidence by appellant, it cannot be said that the award was against the manifest weight of the evidence.

For the sake of clarity, I am compelled to cite further elaboration from the record.

The majority states: "In the instant case, counsel presented no evidence concerning the reasonableness of her fees * * *." The court is mistaken, as cross-examination of counsel revealed the following:

"Q. Now, the motion that you filed in this matter for fees, I believe, contains an affidavit on your behalf indicating that the fair and reasonable value of posttrial services is $25,000?

"A. Correct."

I note that the record before this court does not contain the motion or affidavit referred to, but since appellant did not include it in the record, we must presume regularity and presume that the trial court had the benefit of an affidavit of appellee's counsel which attested to the reasonableness of her fees.

The majority also reversed in part on the grounds that "[w]e find no evidence to support the trial court's determination that appellant is more able to pay some of the attorney fees than appellee." It is true, as the majority states, that "counsel presented no evidence concerning her client's present income," but it is incorrect to state that there was no evidence from which the court could determine the relative abilities of the parties to pay the fees. There was ample evidence in the record on this score.

Appellant earned $125,000 in 1992 from his successful insurance business and paid his new wife $45,000 as an officer of the company. Appellee's counsel stated on opening statement that appellee "makes a salary just a little over $20,000 per year," but neglected to elicit that testimony from appellee. Instead, evidence of appellee indicated she had $9,000 on hand from the sale of the marital home, she did not have funds to pay her counsel's fees, she paid rent of $897 per month, $425 per month on a car loan, $120 per month for hospitalization, and $300 per month on food and clothing, and contributed $100 per month to her daughter's tuition. These expenses annualized equal $21,184.

I find there was adequate support from this evidence, plus the trial court's experience with the case, to sustain the finding that "the plaintiff does not have the ability to pay all of these fees while defendant does have the ability to pay a significant portion." The respective financial positions of the parties were manifest from the record and the previous history at the original trial.

Although the majority holds that the trial court did not heed this court's admonition with regard to the $7,500 in fees reversed on the first appeal, I disagree with that conclusion. As stated above, appellee submitted an itemized statement of her fees at an evidentiary hearing held for that purpose. This itemization included the $7,500 in fees previously remanded but incurred in objecting to the decree and seeking reconsideration and a new trial. At the hearing, appellee's counsel testified to the reasonableness of the fees as noted and was subject to cross-examination thereon. Appellant offered no contrary evidence.

The majority also states: "Assuming *arguendo* that appellant is more able to pay some of the attorney fees than appellee, we find also that the trial court did not fairly arrive at a proper portion of the fees that should be borne by appellant." I do not reach the same conclusion from this record.

As I understand the judgment entry, the court found, "based on the pleadings and the evidence," that plaintiff had incurred reasonable attorney fees and expenses in the total amount of $27,821.95 after trial. It then deducted or credited $7,500 ("a setoff of the previous overpayment" by the appellant), leaving a net amount of $20,321. From this sum, the court deducted $3,454 ("an apportionment of the total fee according to the percentage of each party's income to the combined total [income]"), leaving the net award of $16,867. Since the wife's income was approximately one-sixth of the husband's income, she was allocated approximately one-sixth of the fees to be paid by herself. I find no abuse of discretion in the court's methodology or unfairness in its application.

The majority cites this court's opinion in *Swanson v. Swanson, supra,* for the holding that "the trial court must consider many factors in determining a proper amount of attorney fees, including DR 2–106(B)." We have no reason to believe that the court did not consider those factors and we must presume that it did because it refers to *Swanson* in its judgment entry.

The majority also deplores the appellee's unsuccessful efforts to modify or overturn the outcome of the original trial through subsequent motions and appellate efforts. It emphasizes, and properly so, the vigilance that the profession and courts must exercise to prevent an abuse of the system for the benefit of lawyers at the expense of the parties and justice by unnecessarily prolonging litigation. The balance that must be struck is an exceedingly delicate one in this kind of fee-shifting case. It has been well stated in *Lee* as follows:

"This court succinctly stated the purpose for granting these fees in *Kelly v. Kelly* (June 22, 1978), Cuyahoga App. No. 37476, unreported, at pages 12–13:

" ' * * * [I]t is apparent that the appellant lacked the funds to attempt to seek a modification of [the] support order. Without the assurance that she may be

reimbursed, at least partially, for a successful prosecution of a meritorious claim, her right to seek modification would be meaningless. * * * '

"This same rationale applies to a spouse seeking or resisting appellate relief. Such an award would enable the spouse to prepare properly and present his or her case, provided the supported spouse's circumstances require and the supporting spouse's means permit the award. See *Gust v. Gust* (1912), 69 Wash. 220, 124 P. 504; *Duxstad v. Duxstad* (1908), 16 Wyo. 396, 94 P. 463.

"A vindictive supported spouse might file a 'frivolous' appeal or frivolously resist a patently meritorious appeal. In order to circumvent this abuse of judicial process, the party seeking attorney fees must act in good faith and have reasonable grounds to believe that his or her appellate position is meritorious. *In re Marriage of Pollard* (1979), 97 Cal.App.3d 535, 158 Cal.Rptr. 849. See, also, *Garrison v. Garrison* (Iowa 1970), 179 N.W.2d 466; *Wilkerson v. Wilkerson* (Fla.App.1965), 179 So.2d 592; *Sokolow v. Sokolow* (1961), 28 Misc.2d 962, 216 N.Y.Supp.2d 495; *Saunders v. Saunders* (1953), 140 Conn. 140, 98 A.2d 815; *Chubb v. Chubb* (1941), 297 Mich. 501, 298 N.W. 111. The party need not be assured of success. Rather, reasonable persons should believe that the contentions asserted merit attention and resolution by the appellate court. *In re Marriage of Pollard, supra.*" *Id.,* 10 Ohio App.3d at 116, 10 OBR at 140–141, 460 N.E.2d at 714.

Here, the trial court's judgment entry found that "despite the affirmance of the decree in this action, plaintiff's appeal was made in good faith and was reasonably necessary to insure a complete determination of the plaintiff's legal rights." Since the trial court "already possesses some information useful in making an intelligent decision on that subject," it is "better suited to conduct evidentiary hearings necessary to evaluate the justification for such services". *Lee,* 10 Ohio App.3d at 116, 10 OBR at 140, 460 N.E.2d at 714. The initial burden of determining good faith rests with the fact-finder, the trial court. It should be overturned only for a clear showing of abuse of discretion. *Birath, supra,* 53 Ohio App.3d at 39, 558 N.E.2d at 71. I find none here on the principal issues, especially where the appellant produced no evidence to rebut the appellee's submission. I am at a loss to explain how the majority holds the trial court's findings against the manifest weight of the evidence when appellant produced no evidence.

I do find that the court abused its discretion in allowing an award of costs to appellee in the sum of $2,091.95 on its unsuccessful appeal. This court has previously indicated that costs of the original appeal in *Farley I* be charged against appellee herein.

Accordingly, I would modify the award of $16,867.22 by reducing it by $2,091.95 and, as modified, affirm a judgment of $14,775.27.