OPINION
Defendant-appellant Rubin John Szerlip (hereinafter "husband") appeals the December 8, 1997 Journal Entry of the Knox County Court of Common Pleas, appointing the Special Master Commissioner, as well as the trial court's November 20, 2000 Judgment Entry, ordering the Special Master Commissioner be compensated in an amount equal to one percent per annum for all funds under his control during the pendency of this matter from January 1, 1998. Plaintiff-appellee is Barbara Carol Szerlip (hereinafter "wife").[1] Attorney Kenneth E. Lane, the Special Master Commissioner, filed an Amicus Curiae brief.
 STATEMENT OF THE FACTS AND CASE
Husband and wife were divorced via Journal Entry/Decree of Divorce filed October 10, 1997. As part of the property settlement, the trial court ordered a 200 acre farm in Harrison Township, Ohio, owned by the parties, be sold at public auction. The trial court ordered the proceeds from the sale — less expenses and commissions; payoff of the mortgage; payment to the parties of amounts equivalent to their separate interest in the property; and payment of certain marital debts — be divided equally between husband and wife. Husband appealed the decree of divorce.
Via Journal Entry filed December 8, 1997, the trial court appointed Attorney Kenneth E. Lane as the Special Master Commissioner for purposes of collecting the net proceeds of the sale of the farm, and for making the appropriate disbursements ordered by the trial court. In the same entry, the trial court granted in part and overruled in part husband's motion for stay. The trial court ordered the Special Master Commissioner make all the disbursements previously ordered "with the exception of disbursements to either of the parties." December 8, 1997 Journal Entry at 2. The trial court instructed the Special Master Commissioner to place the remaining funds in an interest bearing bank account and hold subject to further order of the court. Neither party appealed that entry.
The trial court continued the appointment of the Special Master Commissioner because of ongoing litigation in the matter. Subsequently, the trial court ordered the Special Master Commissioner be paid "a sum equal to one percent (1%) per annum for all funds under his control during the pendency of this matter from January 1, 1998, said amounts to be paid from the funds being held by the Special Master Commissioner under the previous Orders of the Court herein." November 20, 2000 Judgment Entry at 2.
It is from the December 8, 1997 Journal Entry, and November 20, 2000 Judgment Entry husband appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN ENTERING JUDGMENT THAT IS NOT SUPPORTED BY EVIDENCE. (JUDGMENT ENTRY OF NOVEMBER 20, 2000).
 II. THE TRIAL COURT ERRED IN EXERCISING JURISDICTION OVER FUNDS OWNED BY THE PARTIES HEREIN (ENTRIES OF DECEMBER 8, 1997 AND NOVEMBER 20, 2000).
 II
For purposes of clarification, we shall address husband's second assignment of error first. Husband contends the trial court erred in exercising jurisdiction over the parties' funds. Essentially, husband challenges the trial court's original appointment of the Special Master Commissioner.
App. R. 4 governs the time for appeal, and states, in relevant part:
 A party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure.
As noted supra, neither husband nor wife appealed the trial court's December 8, 1997 Journal Entry, appointing the Special Master Commissioner. As a result of husband's failure to timely appeal this journal entry, we find husband has waived his right to challenge the authority of the trial court to appoint the Special Master Commissioner. Husband cannot collaterally attack that order now by his timely appeal of the trial court's November 20, 2000 Judgment Entry.
Husband's second assignment of error is overruled.
 I
In his first assignment of error, husband maintains the trial court erred in entering judgment which is not supported by the evidence. Specifically, husband takes issue with the trial court's failure to conduct an evidentiary hearing prior to filing its order compensating the Special Master Commissioner.
We find the trial court's decision to compensate the Special Master Commissioner to be analogous to a trial court's determination of whether to award attorney fees to a party. Such an award must be predicated upon evidence submitted by the movant, which demonstrates the reasonable value of the actual services performed. Farley v. Farley (1994),97 Ohio App.3d 351, 355. In the instant action, the trial court ordered the Special Master Commissioner be compensated in the amount of 1% per annum for all the funds under his control during the pendency of the matter. There is absolutely no evidence in the record to demonstrate such an amount was reasonable for services performed by the Special Master Commissioner. Accordingly, we remand this issue to the trial court for hearing at which the Special Master Commissioner shall present evidence as to the reasonableness of the funds received for his services.
Husband's first assignment of error is sustained.
The judgment of the Knox County Court of Common Pleas is affirmed in part and reversed in part and remanded to the trial court for further proceedings consistent with law and this opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Knox County Court of Common Pleas is affirmed in part and reversed in part and remanded to the trial court for further proceedings consistent with law and this opinion. Costs to be assessed equally.
 ____________________ Hoffman, P.J.
Farmer, J. and Boggins, J. concur.
[1] Wife did not file a brief with this Court.