DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court as an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division. Because we find that the trial court did not abuse its discretion in its award of spousal support and attorney fees to appellant, we affirm.
 {¶ 2} Appellant, Leslie A. Cooper, sets forth the following assignments of error:
 {¶ 3} "The trial court committed reversible error by failing to award appellant appropriate and reasonable spousal support."
 {¶ 4} "The trial court committed reversible error when it awarded appellant only one thousand dollars ($1,000) for attorney fees."
 {¶ 5} This is the second time that this case is before the court. In the previous appeal, we found that we could not address the issues of spousal support and attorney's fees because it appeared that the domestic relations court applied the incorrect standard in determining whether to award appellant requested spousal support. See Cooper v. Cooper (Aug. 24, 2001), Lucas App. No. L-01-1194. Nonetheless, we did set forth the facts required for a determination of whether an award of spousal support to appellant was appropriate and reasonable and those facts necessary to a decision with regard to the nature, amount, terms of payment and duration of any award of spousal support. Upon our remand, the parties offered no new evidence relating to these determinations. Therefore, we shall not repeat these facts in this accelerated case. Rather, we hereby incorporate them into this opinion. See Appendix A.
 {¶ 6} We now turn to appellant's first assignment of error. In that assignment, appellant contends that the trial court failed to set forth a sufficient basis for its award of spousal support in the amount of $200 per month for five years or until the death or remarriage of appellant. She also claims that this award does not satisfy the "judicial directive that an award of spousal support should result in a lifestyle comparable to that established during the marriage."
 {¶ 7} When a party to a divorce action requests spousal support, the trial court must determine whether support is "appropriate and reasonable." R.C. 3105.18(C)(1). When determining an initial award, the trial court must demonstrate that it considered all of the statutory factors in R.C. 3105.18(C)(1)[1]. Glick v. Glick (1999),133 Ohio App.3d 821, 830 (Citations omitted).
 {¶ 8} We will not reverse a trial court's judgment on the question of spousal support absent an abuse of discretion. Kunkle v. Kunkle
(1990), 51 Ohio St.3d 64, 67. In order to find an abuse of discretion, we must determine whether the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} In the present case, the trial court's award of spousal support of $200 per month for five years is expressly based upon the trial judge's findings entered in his original decision. A review of that January 3, 2001 decision reveals that the court considered the relevant factors enumerated in R.C. 3105.18(C)(1), but discussed the issue of a spousal support award in terms of necessity. Thus, the sole difference on remand is that the court applied the correct statutory standard, that is, the "appropriate and reasonable" standard, to reach its decision. Therefore, we conclude that the trial court did set forth a sufficient basis for the award of spousal support to appellant.
 {¶ 10} Furthermore, we disagree with appellant when she states that there is a judicial directive requiring that the parties to a divorce must enjoy a post-divorce standard of living comparable to that established during marriage. In fact, the Ohio Supreme Court case cited by appellant stands for the opposite view. See Kaechle v. Kaechle
(1988), 35 Ohio St.3d 93, 95-96 (The standard of living the parties established during the marriage is but one factor to consider in determining whether to award spousal support and, if so, the amount and duration of that support. It cannot be considered in isolation.)
 {¶ 11} Here, the trial court properly considered all of the requisite factors in order to achieve a fair and equitable result. Kunklev. Kunkle, 51 Ohio St.3d at 70. In addition, the court reserved jurisdiction over the spousal support thereby allowing for a change in the status of either appellant or appellee. Accordingly, we cannot say that the trial court abused its discretion, and appellant's first assignment of error is found not well-taken.
 {¶ 12} Appellant's second assignment of error contends that the trial court erred in awarding her only $1,000 in attorney's fees when the owed fees amount to a total of $4,364.75.
 {¶ 13} We start with the proposition that the payment of attorney's fees is primarily the function of the party who retains his or her attorney. Farley v. Farley (1994), 97 Ohio App.3d 351. However, R.C.3105.18(H), provides:
 {¶ 14} "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, * * * if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 15} When awarding attorney's fees, the trial court must consider the same factors considered when making an award of spousal support. Williams v. Williams (1996), 116 Ohio App.3d 320, 328. An award of attorney's fees by the trial court under R.C. 3105.18(H) will not be reversed absent an abuse of discretion. Rand v. Rand (1985),18 Ohio St.3d 356, 359.
 {¶ 16} Again, the trial court indicated in its judgment that it considered all of the above and found that "equity and fairness required" appellee to pay $1,000 of appellant's attorney's fees. Based upon our review of the record of this cause, we must conclude that the trial court's attitude in reaching this decision is not arbitrary, unreasonable or unconscionable. Therefore, appellant's second assignment of error is found not well-taken.
 {¶ 17} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Appellant is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.
[1] These factors are: "(a) The income of the parties from all sources, including, but not limited to, income derived from property * * * divided under R.C. 3105.171 of the Revised Code; (b) The relative earning abilities of the parties; (c) The ages and the physical, mental, and emotional conditions of the parties; (d) The retirement benefits of the parties; (e) The duration of the marriage; (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home; (g) The standard of living of the parties established during the marriage; (h) The relative extent of education of the parties; (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties; (j) The contribution of each party to the education, training, or earning ability of the other party[;] (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought; (l) The tax consequences, for each party, of an award of support; (m) The lost income production capacity of either party that resulted from that party's marital responsibilities; (n) Any other factor that the court expressly finds to be relevant and equitable."