DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, in which the trial court ordered appellee to pay appellant $10,143 in attorney fees incurred by appellant in post-trial proceedings in a divorce action. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On appeal appellant, Mary W. Schafer, sets forth the following as her sole assignment of error:
 {¶ 3} "The trial court erred in refusing to award reasonable attorney fees to appellant in post-trial proceedings notwithstanding findings by the trial court that the conduct of appellee was responsible for all proceedings before the court."
 {¶ 4} On November 1, 1997, appellant filed a complaint for divorce against appellee. On September 27, 1997, a divorce hearing was held, and on January 27, 2000, the magistrate filed a decision in which the court designated appellant as the residential parent of the parties' three minor children, divided the marital assets, allocated the parties' various other debts and financial obligations, and denied appellant's request for attorney fees. The final judgment entry of divorce was filed on August 22, 2000.
 {¶ 5} A timely appeal was filed by appellee, and a cross-appeal was filed by appellant, in which she asserted that the trial court abused its discretion when it denied her request for attorney fees. Ultimately, appellee dismissed his appeal and the matter proceeded on the issue raised in the cross-appeal. On January 18, 2002, this court issued an opinion, in which we upheld the trial courts' denial of attorney fees. Schafer v.Schafer (Jan. 18, 2002), Lucas App. No. L-00-1255 ("Schafer I").
 {¶ 6} After the divorce hearing was held on September 27, 1997, and before the appeal was decided in Schafer I, both parties filed post-trial briefs and numerous motions. Appellant filed motions for modification of visitation and child support, motions seeking reimbursement of the children's medical and dental expenses, a motion to show cause why appellee should not be punished for contempt of court, a motion for a lump sum judgment of unpaid child and spousal support, a motion to compel appellee to secure life insurance, a motion for attorney fees and expenses, and a motion for the return of her personal property. Appellee filed motions to modify the amount of child support, and for custody of the children. Other issues raised in the post-trial period were allocation of the guardian-ad-litem's fees, a motion filed by the guardian-ad-litem to terminate appellee's visitation rights because he failed to attend court ordered counseling sessions, and a foreclosure action instituted against the marital home because appellee failed to timely refinance the mortgage.
 {¶ 7} Ultimately, appellee dismissed his motion for a change of custody, and the parties stipulated as to certain other issues relating to parenting rights and modification of support. On March 21, July 25, and October 25, 2001, post-divorce hearings were held at which testimony was presented as to the remaining issues before the court.
 {¶ 8} As to the issue of attorney's fees, attorney Keithley Sparrow testified that the $200 per hour fee charged by appellant's attorney was reasonable. Attorney Sparrow also testified that the post-divorce services rendered to appellant were reasonable and necessary. However, Sparrow stated that he did not know how much of $70,426.67 in attorney fees owed by appellant was for the divorce, and how much was attributable solely to post-divorce proceedings. Sparrow also stated that some motions filed by appellant after the divorce hearing may have been duplicates of motions filed earlier, as part of an attempt to "keep the record clean."
 {¶ 9} Further evidence as to appellant's attorney fees was presented in the form of the deposition testimony of appellant's divorce attorney, John Straub. In his deposition, Straub testified that appellant owed him $48,637 in fees for post-divorce proceedings. Straub testified that, in his opinion, appellee should be responsible for all of appellant's attorney fees and expenses as follows: fees relating to the foreclosure proceedings against the marital home ($694); fees for correction of an error on the parties' tax return ($911); fees incurred in the divorce hearing ($5,400); fees for post-trial proceedings, including writing briefs and making arguments to the trial court on the various motions filed by the parties ($5,266); fees generated by his representation of appellant on post-trial visitation and support issues, including nonpayment of support ($31,110); and fees generated in connection with appellee's filing of the first appeal ($672.50).
 {¶ 10} On cross-examination, Straub testified that, in his opinion, this matter should never have proceeded to trial in the first place. He further testified that appellee repeatedly ignored the trial court's orders, and raised false issues relating to custody, thereby causing appellant to incur additional attorney fees.
 {¶ 11} In addition to the above, testimony was presented at the post-divorce hearing by the guardian-ad-litem, Mary Beth Moran. Moran testified that she originally filed a motion to terminate appellee's visitation rights because he failed to attend court-ordered counseling sessions; however, at the time of the hearing, appellee was attending counseling. Moran further testified that she was owed $1,900 in fees as of the date of the hearing.
 {¶ 12} Appellant testified at the post-divorce hearing as to appellee's failure to pay court-ordered support and to reimburse the children's medical expenses. She asked the court to hold appellee responsible "for that portion of the [attorney's] bill that the Court deems appropriate."
 {¶ 13} Appellee testified at the post-divorce hearing that he was in arrears for support because he lost his job after he and appellant separated, and he had to choose between paying bills and paying support. He further testified that, in his opinion, appellant does not properly care for the children, and appellant refused to allow him court-ordered visitation.
 {¶ 14} On December 6, 2001, the domestic relations magistrate issued a decision in which appellee was found to be in contempt of the court's prior orders to pay child and spousal support. In addition, appellee was ordered to pay support arrearages to appellant, pay the guardian ad-litem's fees, reimburse appellant for a portion of the children's medical expenses, obtain life insurance to secure his support obligations, and return appellant's personal property.
 {¶ 15} As to the issue of attorney fees, the magistrate ordered appellee to pay appellant $10,143.00 "as and for the cost of the litigation as a result of the [appellee's] wilful failure to abide by the court's orders" relating to child support and spousal support. However, the magistrate found, after a review of the evidence, that appellant "is not entitled to reimbursement on the issues of modification of child support, parenting time issues, tax issues, real estate purchases, or litigation cost for trial or appellate work."
 {¶ 16} Appellant filed objections to the magistrate's decision pursuant to Civ.R. 53(E), as to the issues of interest on the lump sum judgment for past due support, additional reimbursement of $1,673.45 paid by appellant to the guardian-ad-litem, the return of a $1,000 deposit with the Clerk of Courts made by appellant, and the amount of the attorney fee award. On March 27, 2002, the trial court filed a judgment entry, in which it found all of appellant's objections well-taken, with the exception of her objection to the amount of attorney fees.
 {¶ 17} In upholding the magistrate's decision as to attorney fees, the trial court stated that $10,143 was properly awarded to appellant for the prosecution of the contempt actions against appellee, pursuant to R.C. 3109.05(C). However, the trial court found that appellant was not entitled to additional post-divorce attorney fees pursuant to R.C. 3105.18(H). On April 26, 2002, a timely notice of appeal was filed.
 {¶ 18} Appellant asserts on appeal that the trial court abused its discretion by refusing to award her attorney fees for all of the post-divorce proceedings in this case. In support thereof, appellant argues that those proceedings were necessary either to enforce the trial court's orders or to respond to litigation generated by appellee, and that evidence was presented to demonstrate that the fees charged were reasonable.
 {¶ 19} The decision of whether or not to award attorney fees in a divorce action is within the sound discretion of the trial court. Randv. Rand (1985), 18 Ohio St.3d 356, 359. A decision not to award attorney fees will not be reversed on appeal absent a finding that the trial court abused its discretion. Dunbar v. Dunbar (1994), 68 Ohio St.3d 369, 371;Layne v. Layne (1992), 83 Ohio App.3d 559, 568. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 20} R.C. 3105.18(H) provides, in relevant part:
 {¶ 21} "In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal *** if it determines that the other party has the ability to pay the attorney's fees that the court awards. When the court determines whether to award reasonable attorney's fees to any party pursuant to this division, it shall determine whether either party will be prevented from fully litigating that party's rights and adequately protecting that party's interests if it does not award reasonable attorney's fees."
 {¶ 22} In awarding attorney fees in a divorce action, courts must keep in mind that "the payment of attorney fees is primarily the functionof the party who retains the attorney. It is not an equal obligation of both parties. While the law allows one party to a divorce under certain conditions to be required to pay for all or some of the other party's legal fees, R.C. 3105.18, the trial court must make the determination equitably and fairly to serve the ends of justice." Farley v. Farley
(1994), 97 Ohio App.3d 351, 358 (emphasis original).
 {¶ 23} In this case, it is undisputed that the trial court's award of $10,143 in attorney fees to appellant was based on the finding that appellee was in contempt of court for failure to abide by the terms of the court's prior child support orders. Such an award, while possible under R.C. 3105.18(H), is mandatory under R.C. 3109.05(C), which states, in relevant part:
 {¶ 24} "If any person required to pay child support *** is found in contempt of court for failure to make support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall *** require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt and *** shall assess interest on any unpaid amount of child support pursuant to section 3123.17 of the Revised Code."
 {¶ 25} As to the issue of additional post-divorce attorney fees pursuant to R.C. 3105.18(H), in making its finding, the trial court relied on its own review of the record, which included attorney Straub's deposition testimony regarding the itemization of appellant's legal expenses, and the testimony of attorney Sparrow. The court particularly noted that Sparrow was unable at the hearing to "testify that some of the expenses were not incurred as a result of duplicate filings of motions already disposed of or pending before the Court."
 {¶ 26} As was the case in Schafer, the record before us demonstrates that the issues raised in this case were not "particularly difficult or unique," many disputes were ultimately resolved by joint stipulation of the parties, and both parties have adequate resources from which to pay their own attorney fees. In addition, as noted above, the trial court did not find the testimony of appellant's expert witness to be particularly helpful in establishing that her attorney fees were reasonable and necessary. The trial court also found, after reviewing the entire record, that appellant was not entitled to additional attorney fees because "any expenses incurred by [appellant], other than those relating to the contempt actions, would have been incurred in the normal course of the divorce proceedings."
 {¶ 27} This court has reviewed the entire record of proceedings in the trial court and, upon consideration of the foregoing and the law, we cannot find that the trial court's denial of appellant's request for additional post-divorce attorney fees pursuant to R.C. 3105.18(H) was arbitrary, unreasonable or unconscionable. Accordingly, the trial court did not abuse its discretion, and appellant's sole assignment of error is not well-taken.
 {¶ 28} The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is hereby affirmed. Court costs of these proceedings are assessed to appellant.
 JUDGMENT AFFIRMED. Peter M. Handwork, P.J., Richard W. Knepper, J., Judith Ann Lanzinger,J., JUDGE, CONCUR.